BROWN v. BROWN

[112 N.C. App. 614 (1993)]

---

JAMES DAVID BROWN, PLAINTIFF/APPELLANT v. SUSAN ELAINE JONES BROWN, DEFENDANT/APPELLEE

No. 9218DC1343

(Filed 16 November 1993)

### Pleadings § 64 (NCI4th) — divorce — harassing litigation — imposition of sanctions proper

The trial court did not err in making findings of fact which plaintiff alleged were "irrelevant and without substantial evidence in the record to support them," nor did the court abuse its discretion in awarding defendant $15,000 in sanctions, where there was evidence supporting a finding that plaintiff's complaint failed the legal and factual certification demanded by N.C.G.S. § 1A-1, Rule 11; it was clear that plaintiff filed the complaint to harass defendant and needlessly increase the costs of litigation; plaintiff initiated senseless litigation several times after the parties' separation; though plaintiff claimed that the litigation was part and parcel of his attempts to increase visitation privileges with his son, he did nothing constructive to further that objective; and plaintiff spent $20,000 trying to recover $10,000 in attorney's fees.

**Am Jur 2d, Pleading § 339.**

Appeal by plaintiff from order and judgment entered 3 September 1992 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 27 September 1993.

## BROWN v. BROWN

[112 N.C. App. 614 (1993)]

The Browns were married in 1982 and had one child, David, born of the marriage. On 6 March 1986, Susan Elaine Jones Brown (Mrs. Brown) filed a complaint against her husband, James David Brown (Mr. Brown), seeking a divorce from bed and board, alimony, child support and custody. On 21 April 1986, the parties entered into a separation agreement which settled all real property, personal property and debt divisions between them. On 29 April 1986, Mr. and Mrs. Brown entered into a consent order in which Mrs. Brown waived her claims to a divorce from bed and board and alimony. In addition, Mr. Brown agreed to pay child support for their minor child, for whom custody was awarded to Mrs. Brown. The consent order also entitled Mr. Brown to specified visitation privileges.

On 6 January 1987, Mr. Brown filed a combined "Motion to Divide Undivided Marital Property" and "Motion to Have Facts Relative to Consent Order Established and Preserved". In these motions, Mr. Brown requested that the court order a division of photographs of the child and find facts concerning the consent order. On 4 February 1987, the court dismissed Mr. Brown's motions and awarded attorney's fees and costs to Mrs. Brown.

On 1 June 1987, Mrs. Brown filed a "Motion in the Cause for Contempt and for Temporary Restraining Order". This motion requested, among other things, that Mr. Brown be held in willful contempt of an order of the court and that a preliminary injunction be entered ordering Mr. Brown to refrain from contacting Mrs. Brown, their child, or any other third persons associated with them. A temporary restraining order was issued pursuant to Mrs. Brown's motion. Following a show cause hearing, Mrs. Brown's motions were dismissed.

On 21 February 1989, Mr. Brown filed a complaint seeking a declaration of rights under a provision in the separation agreement entitled "Remedies for Breach". Mrs. Brown counterclaimed seeking both compensatory and punitive damages for breaches of the separation agreement by Mr. Brown due to a pattern of harassment and molestation. On 8 January 1990, the trial court dismissed both Mr. Brown's complaint and Mrs. Brown's counterclaim and denied attorney's fees and costs to either party.

On 5 November 1991, Mr. Brown filed a complaint against Mrs. Brown requesting that he recover damages in excess of $10,000.00 for breaches of their separation agreement, reasonable

BROWN v. BROWN

[112 N.C. App. 614 (1993)]

attorney's fees for filing the complaint, and that costs of the action be taxed against Mrs. Brown. In his complaint, Mr. Brown alleged that he had been the prevailing party under their separation agreement in earlier actions and was thus entitled to the attorney's fees as specified in the remedies provision of that agreement. The remedies provision reads as follows:

> REMEDIES FOR BREACH: If either party fails in the due performance of his or her obligation hereunder, the other party shall have the right, at his or her election, to sue for damages for breach of this Agreement, to sue for specific performance of this Agreement, or to rescind the Agreement and seek such legal remedies as may be available to him or her. In any such suit or proceeding, the party deemed to be the defaulting party shall be liable for the attorney's fees of the party deemed to be the prevailing party.

Mrs. Brown responded by filing a motion to dismiss the complaint for failure to state a claim on 6 January 1992. In her answer, filed on 20 March 1992, she asserted several affirmative defenses, including res judicata, collateral estoppel, statute of limitations and, again, failure to state a claim under Rule 12(b)(6). Mrs. Brown also moved for summary judgment, along with sanctions and attorneys' fees pursuant to both N.C. Gen. Stat. § 1A-1, Rule 11 (1990) and N.C. Gen. Stat. § 6-21.5 (1986).

On 5 June 1992, the trial court ordered the dismissal of Mr. Brown's complaint pursuant to Rule 12(b)(6) and set a hearing for the Rule 11 motions. On 3 September 1992, the trial court awarded Mrs. Brown $15,000 in sanctions after concluding that (1) Mr. Brown's complaint was not well grounded in fact or warranted by existing law, and (2) interposed for an improper purpose. From the order awarding Mrs. Brown sanctions under Rule 11, Mr. Brown appeals.

*David F. Tamer for plaintiff-appellant.*

*Clark Wharton & Berry, by David M. Clark and Virginia S. Schabacker, for defendant-appellee.*

ARNOLD, Chief Judge.

In his first assignment of error, Mr. Brown contends the district court erred in making findings of fact which were "irrelevant and without substantial evidence in the record to support them." We disagree. Pursuant to Rule 11, the signer makes three certifications.

They are that the pleading is (1) well grounded in fact, (2) warranted by existing law, and (3) not interposed for an improper purpose. *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). In *Turner v. Duke University*, our Supreme Court set the applicable standard for appellate review of the granting or denial of sanctions under Rule 11 as follows:

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

The trial court's order contains fifteen evidentiary findings of fact and two ultimate findings of fact, all of which amply support the court's findings. In particular, the evidence supports a finding that Mr. Brown's complaint failed the legal and factual certification demanded by Rule 11. In addition, it is clear that Mr. Brown filed the complaint to harass Mrs. Brown and needlessly increase the costs of litigation. Senseless litigation initiated by Mr. Brown has persisted since the parties' separation in 1986. While Mr. Brown claims the litigation is part and parcel of his attempts to increase visitation privileges with his son, he has done nothing constructive to further that objective. Testimony indicated that he has spent $20,000 trying to recover $10,000 in attorney's fees.

Mr. Brown also argues that the trial court erred in imposing the $15,000 sanction. We disagree. In *Turner*, the Court stated "in reviewing the appropriateness of the particular sanction imposed, an 'abuse of discretion' standard is proper." *Id.* This Court has also stated that "this standard is intended to give great leeway to the trial court and a clear abuse of discretion must be shown." *Central Carolina Nissan, Inc. v. Sturgis*, 98 N.C. App. 253, 264, 390 S.E.2d 730, 737, *disc. review denied*, 327 N.C. 137, 394 S.E.2d 169 (1990). The trial court considered evidence of fees incurred by Mrs. Brown, along with Mr. Brown's conduct throughout the

**BROWN v. BROWN**

[112 N.C. App. 614 (1993)]

proceedings in determining an appropriate sanction. The trial court did not abuse its discretion.

Mrs. Brown has also presented two cross-assignments of error for our review. In her first cross-assignment of error, Mrs. Brown contends the court erred at the hearing in arbitrarily limiting evidence that would have further supported the order. In light of our decision to affirm the court's order, it is unnecessary to address this cross-assignment. In her second cross-assignment of error, Mrs. Brown contends the court erred in failing to issue sanctions against Mr. Brown's attorney as well. We note that Mrs. Brown did not appeal from the order. This challenge is not properly raised by cross-assignments of error under Rule 10(d) of the Rules of Appellate Procedure as that rule is reserved for errors which deprived the appellee of an alternative basis in law to support the judgment. This cross-assignment of error is more properly the subject of a cross-appeal. Mrs. Brown did not appeal, therefore this argument is not before the court.

Finally, we conclude that Mr. Brown brought this appeal for an improper purpose and that it represents yet another attempt to harass Mrs. Brown and needlessly increase costs in this senseless, protracted litigation. Furthermore, this appeal is not well grounded in fact, nor is it warranted by existing law. Accordingly, we remand this case to the district court for a sanctions hearing against Mr. Brown pursuant to Rule 34 of our appellate rules. We strongly encourage the trial court to compensate Mrs. Brown for any expenses incurred in defending against this frivolous appeal, in addition to imposing a sanction the trial court feels is appropriate to deter future abuses by Mr. Brown. We note that this hearing should encompass both this appeal and its companion appeal, No. 9218DC1019.

Accordingly, the order of the trial court is affirmed and this case is remanded for a hearing pursuant to Rule 34 of the appellate rules.

Affirmed and remanded.

Judges LEWIS and WYNN concur.