VSD COMMUNICATIONS, INC. v. LONE WOLF PUBLISHING GROUP

[124 N.C. App. 642 (1996)]

VSD COMMUNICATIONS, INC., Plaintiff v. LONE WOLF PUBLISHING GROUP, INC., Defendant

No. COA96-170

(Filed 3 December 1996)

### 1. Costs § 36 (NCI4th); Pleadings § 64 (NCI4th)— voluntary dismissal—jurisdiction to award attorney fees

The trial court could properly consider and rule upon defendant's motion for attorney fees pursuant to Rule 11(a) and N.C.G.S. § 6-21.5 after plaintiff voluntarily dismissed its claims without prejudice pursuant to Rule 41(a). N.C.G.S. § 1A-1, Rules 11(a) and 41(a).

**Am Jur 2d, Costs §§ 5, 57, 70.**

### 2. Pleadings § 63 (NCI4th)— claim not well-grounded— improper purpose—attorney fees as sanction

The trial court did not err in concluding that plaintiff apartment guide magazine publisher's action against its competitor for defamation, unfair trade practices, and malicious interference with contract was not well-grounded in fact, was not legally sufficient, and was interposed for an improper purpose, therefore entitling defendant to reasonable attorney fees as a sanction under Rule 11(a), where plaintiff's claims were based on statements in defendant's advertisements and correspondence about the circulation and pricing of plaintiff's magazine; plaintiff voluntarily dismissed its action under Rule 41(a); and the evidence supported the trial court's findings that plaintiff's president knew or should have known at the time the complaint was filed that the allegations therein concerning plaintiff's circulation and pricing were false, that the actual circulation of plaintiff's magazine did not exceed the amounts represented by defendant, and that plaintiff's president intended to use this lawsuit to damage defendant's relationships with its advertisers. N.C.G.S. § 1A-1, Rule 11(a).

**Am Jur 2d, Pleading § 339.**

Appeal by plaintiff from order entered 11 April 1995 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 23 October 1996.

Plaintiff, VSD Communications, Inc., and defendant, Lone Wolf Publishing Group, Inc., are competitors in the publishing business in

VSD COMMUNICATIONS, INC. v. LONE WOLF PUBLISHING GROUP

[124 N.C. App. 642 (1996)]

Wake County. Plaintiff publishes a guide called the "Apartment Finder" while defendant publishes a similar guide named the "Apartment Book." The dispute here began when defendant undertook an advertising campaign directly attacking plaintiff. On 19 September 1994, plaintiff filed suit against defendant alleging unfair trade practices, malicious interference with contract, and defamation, and seeking both legal and equitable relief. Plaintiff amended its complaint to allege additional specific instances of defamation.

On 7 February 1995, defendant moved for summary judgment. On 8 March 1995, plaintiff filed a voluntary dismissal without prejudice pursuant to Rule 41(a). Thereafter, defendant filed additional motions (1) for attorney's fees pursuant to G.S. 75-16.1, (2) to set aside plaintiff's voluntary dismissal without prejudice, and (3) for attorney's fees pursuant to Rule 11 and pursuant to G.S. 6-21.5.

On 4 April 1995, the matter came on for hearing before Judge Stafford G. Bullock. On 11 April 1995, the trial court ordered plaintiff to pay defendant's attorney's fees in the amount of $5,783.00 pursuant to Rule 11 and G.S. 6-21.5. The trial court denied defendant's motions for summary judgment and to set aside plaintiff's voluntary dismissal. On 28 April 1995, plaintiff filed a motion pursuant to Rule 60(b) to set aside the trial court's order of 11 April 1995. The trial court denied plaintiff's motion on 21 June 1995.

Plaintiff appeals.

*Carlton & Carlton by Karen Kelly Carlton for plaintiff-appellant.*

*William E. Moore, Jr., for defendant-appellee.*

EAGLES, Judge.

[1] We first address the threshold question of whether defendant's motions may be ruled upon by the trial court after plaintiff voluntarily dismissed its claims without prejudice pursuant to Rule 41(a). In *Walker Frames v. Shively*, 123 N.C. App. 643, 646, 473 S.E.2d 776, 778 (1996), we recognized that, as a general proposition, a Rule 41(a) dismissal "terminate[s] all adversary proceedings in [the] case." *Id.* The filing of a voluntary dismissal strips the trial court of its authority to enter further orders in the adversary proceedings, "except as provided by Rule 41(d) which authorizes the court to enter specific orders apportioning and taxing costs." *Id.* (citing *Fields v.*

*Whitehouse & Sons Co.*, 98 N.C. App. 395, 397-98, 390 S.E.2d 725, 726-27, *disc. review denied*, 327 N.C. 427, 395 S.E.2d 676 (1990)).

This broad limitation on the trial court's power to enter orders after a voluntary dismissal does not extend so far, however, as to bar the trial court from awarding attorney's fees pursuant to Rule 11(a) or G.S. 6-21.5 where the plaintiff's now dismissed action was frivolously filed or maintained in the absence of a justiciable issue. *Bryson v. Sullivan*, 330 N.C. 644, 664, 412 S.E.2d 327, 338 (1992). In the Rule 41(a) context, we recognize that a motion for attorney's fees pursuant to Rule 11(a) or G.S. 6-21.5 is not a continuation of adversary proceedings. *Id.* These motions have a life of their own and they address the propriety of the adversary proceedings that have previously occurred in the case without regard to whether the adversary proceedings in question are continuing when the motion for fees is filed. *Id.* Accordingly, we conclude that the trial court here could properly consider and rule upon defendant's motion for attorney's fees pursuant to Rule 11(a) and G.S. 6-21.5.

[2] We turn now to plaintiff's argument that the trial court erred in concluding that plaintiff's action was not well-grounded in fact, was not legally sufficient, and was interposed for an improper purpose, therefore entitling defendant to reasonable attorney's fees under Rule 11(a). Plaintiff argues that competent evidence does not support the trial court's findings and that the findings do not support the court's award of reasonable attorney's fees. We disagree.

We review *de novo* the trial court's decision to impose or not to impose mandatory sanctions pursuant to G.S. 1A-1, Rule 11 (a). *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

> In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Id.* If we determine in our *de novo* review that sanctions were properly imposed by the trial court, we then review under an "abuse of

discretion" standard the appropriateness of the particular sanction imposed. *Id.*

Here, the plaintiff challenges the following findings of fact made by the trial court:

5. Plaintiff's Distribution Director knew, at the time the Complaint was filed, that the statements in Defendant's advertisements and correspondence [complaint Exhibits A, B and C] were true, or at least, did not understate the actual circulation of Plaintiff's "Apartment Finder" magazine. The statements contained in Defendant's advertisements and correspondence were consistent with the figures for pricing and circulation as publicly stated by Plaintiff . . . . Plaintiff's Distribution Director communicated to Plaintiff's President, Walt Fletcher, that the number of Plaintiff's Apartment Finder magazines printed for both the monthly and quarterly publications were not actually being placed in circulation. Additionally, the number of Plaintiff's Apartment Finder magazines, for both the monthly and quarterly publications, were not consistently being printed at the volume Plaintiff quoted to its advertisers.

6. Plaintiff's President, Walt Fletcher, was told by his Distribution Director, and knew, or should have known (based on print orders placed by Plaintiff and printing invoices received by Plaintiff), at the time of filing the Complaint, and at the time of filing the Amended Complaint, that the allegations contained therein as to Plaintiff's circulation and pricing were false, frivolous, and without foundation or good faith basis in fact. Plaintiff's President, Walt Fletcher, believed that the filing of the Complaint would cause advertisers (actual or prospective clients of both Plaintiff and Defendant) to doubt the veracity of Defendant's advertisements, merely by virtue of the fact that a lawsuit had been filed, and intended to use this lawsuit in order to damage Defendant with regard to its relationship to advertisers.

7. The Plaintiff's publishing bills and the testimony of Plaintiff's former Distribution Director, Rich F. Good, unequivocally show that the size of Plaintiff's "Apartment Finder's" circulation was <u>not</u> 120,000 booklets for the Triangle area. The actual circulation of Plaintiff's "Apartment Finder" magazine (combining the quarterly and monthly publications) did not exceed the amounts represented by Defendant in its advertisements and

correspondence, and Defendant's pricing comparisons were accurate.

These findings are sufficiently supported in the record by advertising documents submitted by plaintiff as exhibits to plaintiff's amended complaint and by plaintiff's print invoices from the months immediately prior to plaintiff's filing of its complaint. We note here that we find adequate and independent support for the relevant findings by the trial court without considering the deposition of Rich F. Good. Accordingly we need not address whether the trial court could properly consider the deposition of Mr. Good in ruling upon defendant's motion for sanctions.

We also conclude that the trial court's findings of fact are sufficient to support its conclusion that "[p]laintiff's action was not well-grounded in fact, was not legally sufficient, and was interposed for an improper purpose . . . in violation of N.C. Gen. Stat. § 1A-1, Rule 11 . . . ." Based on this conclusion, some measure of sanction is mandatory under Rule 11(a). Here, the trial court acted within its discretion in awarding reasonable attorney's fees as an appropriate sanction.

As to the amount of fees awarded, the trial court "considered the skill, time and labor expended as well as the complexity of the case." *Northampton County Drainage Dist. Number One v. Bailey,* 326 N.C. 742, 751, 392 S.E.2d 352, 358 (1990). The trial court's order here includes the appropriate findings of fact supported by competent evidence as to the "skill, time and labor expended as well as the complexity of the case." *Id.* Accordingly, we conclude that the trial court did not err in its award of attorney's fees here pursuant to Rule 11(a).

Having upheld the trial court's award of attorney's fees pursuant to Rule 11(a) in the full amount awarded, we need not address plaintiff's argument that the trial court erred in concluding G.S. 6-21.5 provides an adequate and independent basis for the award of attorney's fees here.

Defendant also argues here that the trial court erred in denying plaintiff's Rule 60(b) motion. We disagree. The standard of review on this issue is abuse of discretion. Based upon our review of the record here, we conclude that the trial court acted within its discretion in denying plaintiff's motion pursuant to Rule 60(b). *E.g., Sink v. Easter,* 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975). We have exam-

ined plaintiff's remaining assignments of error and conclude them to be without merit.

Affirmed.

Judges MARTIN, JOHN C., and SMITH concur.