**TAYLOR v. COLLINS**

[128 N.C. App. 46 (1997)]

No error.

Judges EAGLES and TIMMONS-GOODSON concur.

———————

CHARLES I. TAYLOR, Plaintiff v. SHARON S. COLLINS, THOMAS W. HENSON, JR., ROBERT L. FUERST, HENSON & FUERST, P.A., Defendants

No. COA97-48

(Filed 2 December 1997)

**1. Pleadings § 63 (NCI4th)— Rule 11 sanctions—timeliness of motion**

The imposition of Rule 11 sanctions against the attorney for a husband in a domestic action was not untimely and barred by principles of res judicata and judicial economy where the motion was filed following decisions on the appeal of summary judgment for defendant-wife in an action for malicious prosecution, abuse of process, intentional infliction of emotional distress, and interference with contract based upon a TRO to freeze assets in the domestic action. It has been held that it is proper for a trial court to consider Rule 11 sanctions without regard to whether the adversary proceedings are continuing when the motion is filed, and respondents point to no authority suggesting that it was error for the trial court to entertain a motion for sanctions after the appeal.

**2. Pleadings § 63 (NCI4th)— action filed after release—Rule 11 sanctions—supported by evidence**

The imposition of Rule 11 sanctions against an attorney was upheld where the client and his wife had signed a separation agreement which included a mutual release and the attorney subsequently signed a complaint for abuse of process, emotional distress, and other claims arising from a TRO issued during the divorce proceedings. The evidence supported the trial court's findings and conclusions that the complaint signed by the attorney was not well-grounded in fact or law.

**3. Pleadings § 61 (NCI4th)— Rule 11 sanctions—imposed upon client—good faith reliance on attorney**

The trial court erred by issuing Rule 11 sanctions against the client in a domestic action where the client and his attorney

filed an action for malicious prosecution, emotional distress, and other claims after signing a separation agreement which included a mutual release. The attorney admits that the client relied on his advise as to the legal and factual sufficiencies of the action. The client relied on the attorney in good faith regarding the legal sufficiency of his claims and thus met his duty of reasonable inquiry.

**4. Pleadings § 64 (NCI4th)— Rule 11 sanctions—payment within 30 days**

The trial court did not abuse its discretion by requiring that Rule 11 sanctions be paid within thirty days.

Appeal by respondents Charles Taylor and Brett Hubbard from orders entered 31 May 1996 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 16 September 1997.

*Brett A. Hubbard for respondent-appellant.*

*Dill, Fountain, Hoyle & Pridgen, L.L.P., by William S. Hoyle, for movants-appellees.*

WALKER, Judge.

Charles Taylor (Taylor) and Sharon Collins (Collins) were married to each other on 12 February 1984 and were later separated and divorced. Prior to the divorce, Collins, represented by Henson & Fuerst, P.A. (Henson & Fuerst), filed suit against Taylor for divorce from bed and board, alimony and equitable distribution. Collins obtained a temporary restraining order (TRO) to prevent Taylor from disposing of marital assets pending resolution of the lawsuit. On 27 November 1989, Collins and Taylor executed a separation agreement which contained a section entitled "MUTUAL RELEASE," whereby both parties released and discharged the other from all causes of action, claims, rights or demands which either ever had against each other arising out of the marriage.

On 18 September 1992, Taylor filed suit against Collins, Henson & Fuerst, Thomas W. Henson, Jr., individually, and Robert L. Fuerst, individually, alleging malicious prosecution, abuse of process, intentional infliction of emotional distress, and interference with contract, all based upon the issuance of the TRO. On 18 January 1994, summary judgment was granted in favor of Collins and her attorneys. This

Court affirmed the trial court's award of summary judgment. Both a petition for discretionary review and a motion for reconsideration were denied by our Supreme Court.

Following the decisions of the Supreme Court, Collins and her attorneys filed motions in the cause requesting sanctions against Taylor and Hubbard (respondents). After a hearing on the motions, the trial court imposed sanctions against respondents, jointly and severally, ordering them to pay: (1) $16,494.11 to Collins, representing attorney's fees and costs incurred by Collins in defending the lawsuit filed by respondents, (2) $4,860.00 to Collins, the total sum imposed as sanctions for the violation of N.C. Gen. Stat. § 1A-1, Rule 11, and (3) $20,011.15 to Thomas Henson, Jr., Robert L. Fuerst and Henson & Fuerst, P.A., representing attorney's fees and costs incurred in defending the lawsuit filed by respondents, which the court imposed as sanctions for the violations of N.C. Gen. Stat. § 1A-1, Rule 11.

In reviewing a trial court's award of sanctions under Rule 11, this Court shall "conduct a de novo review" to determine the following:

(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by [the] sufficiency of the evidence.

*Lowder v. All Star Mills*, 103 N.C. App. 500, 501, 405 S.E.2d 774, 775, *disc. review denied*, 330 N.C. 196, 412 S.E.2d 678 (1991) (*citing Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)).

[1] Respondents first argue that the imposition of sanctions was untimely and barred by principles of res judicata and judicial economy.

In *VSD Communications, Inc. v. Lone Wolf Publishing Group*, 124 N.C. App. 642, 478 S.E.2d 214 (1996), this Court, in determining whether it was proper for a trial court to consider Rule 11 sanctions after plaintiff had voluntarily dismissed its claims without prejudice, noted:

These motions have a life of their own and they address the propriety of the adversary proceedings that have previously occurred in the case without regard to whether the adversary proceedings in question are continuing when the motion for fees is filed.

*Id.* at 644, 478 S.E.2d at 216. Further, respondents have pointed to no authority which suggests that it was error for the trial court to entertain a motion for sanctions after their appeal to this Court. Thus, we find no merit in respondents' argument that the trial court's imposition of sanctions was untimely. *See also, Dodd v. Steele,* 114 N.C. App. 632, 442 S.E.2d 363, *disc. review denied,* 337 N.C. 691, 448 S.E.2d 521 (1994).

**[2]** Respondents' next two assignments of error relate to the appropriateness of Rule 11 sanctions. We will address these assignments of error as they relate to each individual respondent, beginning with Hubbard.

N.C. Gen. Stat. § 1A-1, Rule 11 (1990) provides in pertinent part:

(a) *Signing by Attorney.*—Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

This Court, in determining whether "the complaint meets the factual certification requirement," must analyze:

TAYLOR v. COLLINS

[128 N.C. App. 46 (1997)]

(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact.

*McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995). (For a discussion of the analysis of the legal sufficiency prong, *see McClerin*, 118 N.C. App. 640, 456 S.E.2d 352; *Mack v. Moore*, 107 N.C. App. 87, 418 S.E.2d 685 (1992)).

With respect to Hubbard, the trial court found the following:

4. That prior to filing of said action, and specifically on November 27, 1989, Charles I. Taylor and Sharon S. Collins executed a Separation Agreement, which agreement contained a mutual release, releasing and discharging each other of and from all causes of action, claims, rights, or demands whatsoever in law or in equity either party had against the other.

5. That prior to the filing of the lawsuit by Charles I. Taylor and his attorney, Brett A. Hubbard, Taylor and Hubbard both were aware of the Separation Agreement executed by Taylor and Collins and the mutual release contained therein, but failed to specifically refer to said Separation Agreement in their Complaint, referring only to a "settlement" entered into by the parties in November, 1989; the Respondents admitted that the "settlement" included the Separation Agreement; that the Complaint failed to plead any ground alleging insufficiency of the Separation Agreement and contained no allegation of fraud, mutual mistake, duress, illegality or undue influence in the execution of the Separation Agreement such as to avoid the terms of said Agreement and mutual release provision.

. . .

9. That Brett A. Hubbard, attorney at law, signed a pleading (the complaint) and thereby certified as an attorney and on behalf of his client, Charles I. Taylor, that he had conducted a reasonable inquiry into the facts to support the pleading; that he had conducted a reasonable investigation into the law so that the complaint embodied existing legal principles or a good faith argument for the extension, modification, or reversal of existing legal principles; and that the complaint was not interposed for any improper purpose.

The trial court then concluded:

3. The Complaint filed by Charles I. Taylor was signed by Taylor and his attorney, Brett A. Hubbard, and said pleading failed the factual certification required by N.C.G.S. 1A-1, Rule 11.

4. That the Complaint filed by Taylor and his attorney, Brett A. Hubbard, failed the legal certification required by N.C.G.S. 1A-1, Rule 11.

Based on the foregoing conclusions, the trial court imposed sanctions on Hubbard as described above.

At the time the complaint was filed, existing law provided that:

Any married couple is hereby authorized to execute a separation agreement not inconsistent with public policy which shall be legal, valid, and binding in all respects. . . .

N.C. Gen. Stat. § 52-10.1 (1991). Further, this Court in *Sedberry v. Johnson*, 62 N.C. App. 425, 429, 302 S.E.2d 924, 927, *disc. review denied*, 309 N.C. 322, 307 S.E.2d 167 (1983), stated "[t]o restore to one party, subsequent to the death of the other, rights bargained away in the separation agreement, would deny the agreement its intended 'full and final' effect, in contravention of the policy that such agreements 'shall be legal, valid, and binding in all respects.' "

The separation agreement at issue here provided:

MUTUAL RELEASE. Subject to the provisions of this agreement, each party has released and discharged and by this agreement does for himself, and his and her heirs, legal representatives, executors, administrators, and assigns, release and discharge the other of and from all causes of action, claims, rights, or demands whatsoever in law or in equity . . . which either party ever had or now has against the other or the estate of the other, arising from or existing because of said marriage. . . .

All the evidence presented showed that Hubbard was familiar with the separation agreement before filing the complaint against Collins and her attorneys. In fact, the complaint alleges, "The Plaintiff settled the actions with Defendants and the action was dismissed on November 28, 1989, after the Plaintiff signed a settlement in the office of the defendant attorneys."

Respondents now argue that if the release had said "all causes of action," its bar of all claims between Taylor and Collins would have been clear and no action would ever have been brought against Collins, but since the release contained the limiting language, "arising from or existing because of the marriage," the claims now asserted by respondents are outside the scope of the release. We disagree. It is clear that the actions filed by Taylor were based on the injunctive relief obtained by Collins and therefore arose from or existed because of the marriage.

Nevertheless, respondents contend the language of the release does not apply to Collins' attorneys. Respondents cite no authority in support of this argument and we find nothing in the record to indicate that Collins' attorneys were acting outside the scope of their representation. As such, we find this evidence supports the trial court's findings and conclusions that the complaint signed by Hubbard was not well-grounded in fact or law. Thus, we uphold the imposition of Rule 11 sanctions against Hubbard.

[3] We now address the issue of whether the imposition of sanctions against Taylor, a represented party, were appropriate.

With respect to respondent Taylor, the trial court found:

6. That after the lawsuit was filed by Charles I. Taylor, the parties were deposed; that in his deposition, Taylor acknowledged that he had read and understood the entire Separation Agreement and that, specifically, with reference to the release provision, it was his intention that he "wanted it to be over with. I didn't want her to be able to come back against me for anything else. I wanted it to be permanent;" in addition, Taylor testified that he had suffered no losses or damages and had seen no physician with respect to his alleged emotional distress.

The trial court then concluded that the complaint filed by Taylor failed both the factual and legal certifications required by Rule 11 and imposed sanctions against Taylor.

In *Bryson v. Sullivan*, 330 N.C. 644, 656, 412 S.E.2d 327, 333 (1992), our Supreme Court determined "the relevant inquiry is . . . whether the client made a reasonable inquiry to determine the legal sufficiency of the document." The Court, in defining what would constitute a "reasonable inquiry," stated:

[T]he good faith reliance of [plaintiffs], as represented parties, on their attorneys' advice that their claims were warranted under the law is sufficient to establish an objectively reasonable belief in the legal validity of their claims.

*Id.* at 662, 412 S.E.2d at 336-37.

The trial court did not make a finding as to whether Taylor relied in good faith on Hubbard's advice regarding the legal sufficiency of the claim. However, Hubbard frankly admits that at all times, Taylor relied on his advice as to the legal and factual sufficiencies of the action.

In light of this evidence, we find that Taylor in good faith relied on Hubbard regarding the legal sufficiency of his claims and thus met his duty of making a "reasonable inquiry." As such, the trial court's imposition of sanctions against Taylor was improper. *See Bryson,* 330 N.C. 644, 412 S.E.2d 327.

**[4]** Respondents last argue that the trial court abused its discretion in requiring the sanctions to be paid within thirty days from the entry of the judgment.

"[I]n reviewing the appropriateness of the particular sanction imposed, an 'abuse of discretion' standard is proper." *Turner v. Duke University,* 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)). This standard is intended to give considerable leeway to the trial court in the imposition of sanctions under Rule 11. *Brown v. Brown,* 112 N.C. App. 614, 617, 436 S.E.2d 404, 406 (1993). Respondents have cited no authority in support of their assertion that the trial court abused its discretion. Absent a showing of abuse, we will not disturb the particular sanctions imposed by the trial court in this case.

The order of the trial court imposing sanctions under Rule 11 against respondent Hubbard is affirmed. The order imposing sanctions under Rule 11 against respondent Taylor is reversed.

Affirmed in part and reversed in part.

Judges WYNN and SMITH concur.