JENNIFER P. RICE, Plaintiff v. DANAS, INCORPORATED, Defendant

No. COA98-726

(Filed 6 April 1999)

## 1. Pleadings— Rule 11 sanctions—time for filing motion

A motion for Rule 11 sanctions was not filed within a reasonable time where defendant obviously formed an opinion of the alleged impropriety of plaintiff's pleadings long before the filing of its motion for sanctions. The Court of Appeals declined to impose any time limits contrary to the plain language of the rules, which do not contain explicit time limits for Rule 11 motions; however, a party should make a motion within a reasonable time after discovering an alleged impropriety.

## 2. Pleadings— Rule 11 sanctions—effect of jury verdict

The fact that the jury found against plaintiff is not proof as a matter of law that her pleadings were unfounded, baseless, improper, or interposed for an improper purpose.

## 3. Costs— fees denied—no abuse of discretion

The trial court was well within its discretionary powers in denying defendant's motion for attorney fees under N.C.G.S. § 95-25.22(d) where the court had presided over a week-long jury trial as well as these post-judgment matters, had the advantage of being able to consider the evidence presented at the trial, and had concluded that plaintiff's action was not frivolous.

## 4. Appeal and Error— notice of appeal—timeliness—motion for attorney fees—separate proceeding

The trial court did not err in dismissing plaintiff's appeal from a judgment on a jury verdict where plaintiff did not deny that her notice of appeal from that judgment was entered more than one year after entry but contended that she did not have to appeal from the judgment on the verdict until all claims arising from the action were determined. Defendant's motion for attorney fees was a separate proceeding which did not toll the time in which plaintiff had to give notice of appeal.

## 5. Appeal and Error— notice of appeal from sanctions—timeliness

Plaintiff's appeal from an order denying Rule 11 sanctions must be dismissed where plaintiff did not give notice of appeal until more than 30 days after denial of her motion, although she did file a notice of appeal within ten days of defendant's notice of appeal of the denial of its motion for sanctions. Plaintiff's motion for sanctions was an independent motion and the 10-day extension provided by Rule 3 of the Rules of Appellate Procedure does not apply.

Appeal by plaintiff from orders entered 19 November 1997, 23 December 1997, and 17 April 1998 by Judge Edward H. McCormick in Lee County District Court; and appeal by defendant from order entered 23 December 1997 by Judge Edward H. McCormick in Lee County District Court. Heard in the Court of Appeals 23 February 1999.

RICE v. DANAS, INC.

[132 N.C. App. 736 (1999)]

On 19 October 1995, Jennifer P. Rice (plaintiff) filed a complaint against her former employer, Danas, Incorporated (defendant), seeking unpaid wages and attorney fees pursuant to the Wage and Hour Act, and damages for her funds and property allegedly retained by defendant. Defendant filed an answer and counterclaims for unfair and deceptive acts and practices, constructive fraud, and punitive damages on 3 January 1996. The case was tried before a jury for almost eight days beginning 12 November 1996. The jury returned a verdict favorable to defendant upon its counterclaims finding that plaintiff breached her employment with defendant by diverting business which she was hired to produce for defendant, finding that defendant was actually damaged in the sum of $2,489.32, and awarding punitive damages in the sum of $12,500.00 to defendant. On 5 December 1996, the trial court entered judgment on the jury verdict in the above amounts of actual and punitive damages, and taxed plaintiff with the costs.

On 10 December 1996, defendant moved that the costs of this action, including deposition costs, be taxed to plaintiff. On 30 June 1997, defendant filed an amendment to its motion for costs, asking that the trial court require plaintiff to pay defendant's attorney fees pursuant to provisions of the Wage and Hour Act. On the same date, defendant also filed a motion for sanctions against plaintiff and her counsel pursuant to the provisions of Rule 11 of the North Carolina Rules of Civil Procedure. On 22 July 1997, plaintiff filed a Rule 11 motion for sanctions against defendant's counsel based on defendant's motion for sanctions against plaintiff and her counsel. The trial court heard all the post-judgment motions on 17 November 1997, denying plaintiff's motion for sanctions by order entered 19 November 1997. The trial court allowed defendant's motion for recovery of its deposition costs, but denied defendant's motion for sanctions and attorney fees by order entered 23 December 1997.

On 21 January 1998 defendant appealed from the denial of its motions. On 2 February 1998, plaintiff attempted to appeal from the denial of her motion for sanctions, from the order taxing deposition costs, and from the judgment on the verdict entered 5 December 1996. Defendant then moved to dismiss plaintiff's appeal from the judgment entered on the jury verdict and moved to dismiss plaintiff's appeal from the denial of her motion for sanctions. On 20 April 1998, the trial court allowed defendant's motion to dismiss plaintiff's appeal from the judgment on the jury verdict, but denied defendant's motion to dismiss plaintiff's appeal from the denial of plaintiff's

**RICE v. DANAS, INC.**

[132 N.C. App. 736 (1999)]

motion for sanctions. Plaintiff appealed from the trial court's order partially dismissing her appeal. On 18 August 1998, defendant moved in this Court to dismiss plaintiff's appeal from the denial of her motion for sanctions on the grounds that notice of appeal was given more than 30 days from the entry of the order denying sanctions.

*G. Hugh Moore for plaintiff appellant/appellee.*

*Wilson & Waller, P.A., by Betty S. Waller, for defendant appellant/appellee.*

HORTON, Judge.

The following issues are raised by the parties on appeal: (I) whether the trial court erred in denying defendant's motion for sanctions; (II) whether the trial court erred in denying defendant's motion for attorney fees; (III) whether the plaintiff (A) appealed in apt time from the 5 December 1996 judgment entered on the jury verdict, and (B) from the 19 December 1997 order of the trial court denying her motion for sanctions. We note that despite her notice of appeal, the plaintiff did not assign error to the trial court's award of costs, including deposition costs, to defendant nor did plaintiff make any argument or advance any authority on the propriety of the award of costs. Therefore, plaintiff has abandoned her appeal as to that aspect of the 23 December 1997 order. N.C.R. App. P. 28(b)(5).

## I. Defendant's Motion for Sanctions

On 27 June 1997, almost seven months after judgment was entered on the jury verdict, defendant filed a motion for sanctions against plaintiff and her counsel, alleging that counsel for plaintiff commenced this action without investigating to determine whether "it was well grounded in fact and in law"; that early in the course of litigation, information was presented to counsel for plaintiff which demonstrated the fraudulent nature of plaintiff's conduct, but counsel never investigated the information or talked with available witnesses; that counsel for plaintiff pursued the unfounded claims of plaintiff to a jury verdict, even calling plaintiff as a witness and eliciting testimony which "any reasonable attorney experienced in civil litigation would have known to be patently false"; that counsel for plaintiff filed documents with the trial court in an effort to interfere with defendant's discovery efforts, and refused to cooperate with the efforts of defendant's counsel to carry out meaningful discovery. Defendant further alleged that the Rule 11 violations "were the result

of collaboration between plaintiff and her counsel, however her counsel's conduct was at least equal to plaintiff's . . . ."

Defendant's motion for sanctions was presented to the same trial judge who presided at the jury trial of this matter. After hearing the arguments of counsel and considering the record in the case including the testimony offered at the trial of this case, the trial court made findings of fact and concluded that:

(a) The papers were well grounded in fact with factual disputes having been submitted to the jury.

(b) The papers filed by plaintiff presented claims warranted by existing law or a good faith argument for the extension of existing law.

(c) The papers filed by plaintiff were not interposed for an improper purpose.

(d) The action filed by plaintiff was not frivolous.

(e) The defendant should recover its deposition and court costs.

The trial court then awarded defendant court costs in the amount of $2,078.08, but denied defendant's claims for attorney fees and for sanctions.

[1] In this case, a preliminary question about the timeliness of defendant's motion for sanctions must be examined first. The North Carolina Rules of Civil Procedure do not set forth explicit requirements about when a motion for Rule 11 sanctions must be filed. Here, the record reflects that the judgment on the jury verdict was entered on 5 December 1996. On 10 December 1996, defendant moved that it recover its costs, including deposition costs. Apparently, there was no further action in the case until 27 June 1997 when defendant moved to amend her motion for costs to include attorney fees under the Wage and Hour Act, and filed a separate motion for Rule 11 sanctions.

This Court dealt with the question of the timeliness of a Rule 11 motion in *Renner v. Hawk*, 125 N.C. App. 483, 481 S.E.2d 370, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 553 (1997). In *Renner*, defendant Hawk filed a motion for sanctions and attorney fees one month after plaintiff Renner voluntarily dismissed his complaint. *Id.* at 488, 481 S.E.2d at 373. Plaintiff argued that the trial court had no

jurisdiction to enter sanctions against him following the entry of the voluntary dismissal, and noted that in prior North Carolina appellate decisions, the motion for sanctions was pending at the time of the voluntary dismissal. *Id. See also, e.g., Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). The *Renner* Court declined to set time limits for filing Rule 11 motions, noting that "[n]either Rule 11 nor Rule 41 of the North Carolina Rules of Civil Procedure contains explicit time limits for filing Rule 11 sanctions motions. We find the reasoning in *Cooter* [*& Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990)] persuasive and decline to impose any time limits contrary to the plain language of the rules. We agree, though, that 'a party should make a Rule 11 motion within a reasonable time' after he discovers an alleged impropriety." *Renner*, 125 N.C. App. at 491, 481 S.E.2d at 374 (quoting *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 604 (1st Cir. 1988)).

In *Renner*, defendant argued that "the alleged impropriety became apparent not when the complaint was filed, but only during the course of discovery." *Id.* at 491, 481 S.E.2d at 375. We held, based on that line of argument, that "defendant [Hawk] filed her Rule 11 sanctions motion *within a reasonable time of detecting her alleged impropriety.*" *Id.* (emphasis added).

Applying the reasoning of *Renner* to the present case, we conclude as a matter of law that defendant's motion for Rule 11 sanctions was not filed within a "reasonable time of detecting [the] alleged impropriet[ies]." In its motion for sanctions, defendant alleged that "[e]vidence abounded at the time of filing plaintiff's complaint to suggest to a reasonable attorney, experienced in civil litigation, that the claims of plaintiff were baseless." Further, defendant alleged that prior to filing its answer, information was given to plaintiff's counsel which cast doubt on the validity of plaintiff's claim against defendant. Defendant further alleged that "[b]y the time this matter was tried to a Lee County jury, numerous instances of plaintiff's untruthfulness under oath and falsification in the preparation of documentary evidence had been disclosed through discovery and by other witnesses. Nevertheless, counsel pursued the unfounded claims of plaintiff to a jury verdict . . . ." Defendant obviously formed an opinion of the alleged impropriety of plaintiff's pleadings long before the filing of its motion for sanctions. Indeed, the suspect pleadings were signed months before trial by plaintiff and/or her counsel. Yet, no motion for sanctions was filed until well after the verdict of the jury was rendered.

RICE v. DANAS, INC.

[132 N.C. App. 736 (1999)]

**[2]** The fact that the jury found against plaintiff is not proof, as a matter of law, that her pleadings were unfounded, baseless, improper, or interposed for an improper purpose. We must be cautious not to allow an adverse jury verdict to dictate the decision on a sanctions motion, as that would amount to taxing the costs of litigation to the losing party, an approach that our legislature has not seen fit to embrace. Therefore, this assignment of error is overruled.

## II. Defendant's Motion for Attorney Fees

**[3]** Plaintiff brought her action for unpaid wages under the provisions of N.C. Gen. Stat. § 95-25.22 (1993), a portion of the Wage and Hour Act. N.C. Gen. Stat. § 95-25.22(d) provides in pertinent part that "[t]he court may order costs and fees of the action and reasonable attorneys' fees to be paid by the plaintiff if the court determines that the action was frivolous." This language shows that the decision whether to award the fees is discretionary with the trial court if it finds the action to be frivolous.

In this case, the same able trial judge presided over a week-long jury trial as well as these post-judgment matters. Thus, in ruling on defendant's motion for attorney fees, the trial court had the advantage of being able to consider the evidence presented at the trial. In its order denying defendant's motion, the trial court found that defendant's motion for summary judgment was denied prior to trial; that it denied defendant's motions for directed verdict both at the close of plaintiff's evidence and at the close of all the evidence; and that all claims, including plaintiff's claim for unpaid wages, were submitted to the jury. The trial court then concluded that the plaintiff's action was not frivolous, and ordered that it should be denied. Because the trial court concluded that plaintiff's action was not frivolous, it was well within its discretionary powers in denying defendant's motion for attorney fees under N.C. Gen. Stat. § 95-25.22(d). This assignment of error is overruled.

## III. Plaintiff's Appeals

**[4]** As stated above, plaintiff filed a notice of appeal on 2 February 1998, purporting to give notice of her appeal from (A) the 5 December 1996 judgment based on the jury verdict and (B) the 19 November 1997 order denying her motion for sanctions.

### A. Appeal from 5 December 1996 Judgment on Jury Verdict

Rule 3 of the North Carolina Rules of Appellate Procedure provides that an "[a]ppeal from a judgment or order in a civil action or

**RICE v. DANAS, INC.**

[132 N.C. App. 736 (1999)]

special proceeding must be taken within 30 days after its entry." N.C.R. App. P. 3(c). The time for filing a notice of appeal is tolled as to all of the parties if one party files one of the following motions: (1) a Rule 50(b) motion for judgment notwithstanding the verdict; (2) a motion under Rule 52(b) to amend or make additional findings of fact; (3) a Rule 59 motion to alter or amend a judgment; (4) a motion under Rule 59 for a new trial. *Id.* The rule further provides that, if a party files a timely notice of appeal, "any other party may file and serve a notice of appeal within 10 days after the first notice of appeal was served on such party." *Id.*

Plaintiff does not deny that her notice of appeal from the judgment based on the jury verdict was entered more than one year after the entry of that judgment on 5 December 1996. Plaintiff contends, however, that she did not have to appeal from the judgment on the verdict until all claims arising from the action, including post-trial motions, were determined. According to plaintiff, she was within the time limits of Rule 3 because she gave notice within ten days of the notice of appeal filed by defendant on 21 January 1998. We disagree.

Although this Court discourages interlocutory appeals, *see Veasey v. Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950), the situation in the present case is not of an interlocutory nature as plaintiff attempts to argue. Indeed, the United States Supreme Court has stated that "motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.' " *Cooter*, 496 U.S. at 395, 110 L. Ed. 2d at 375 (quoting *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170, 83 L. Ed. 1184, 1189 (1939)). Therefore, an award of attorney fees can be considered several years after the entry of a judgment. *Id.* As a result, defendant's motion for attorney fees, which was filed several days after the judgment on the verdict, was a separate proceeding which did not toll the time in which plaintiff had to give notice of appeal. Accordingly, the trial court did not err in dismissing plaintiff's appeal from the judgment on the jury verdict.

B. Appeal from 19 November 1997 Order Denying Sanctions

**[5]** Plaintiff also appeals from the 19 November 1997 order which denied her motion for Rule 11 sanctions. Plaintiff did not give notice of appeal from the denial of this motion, however, until 2 February 1998, clearly more than thirty days after the denial of her motion for

sanctions on 19 November 1997. Although plaintiff did file a notice of appeal within 10 days of defendant's notice of appeal of denial of defendant's motion for sanctions, plaintiff's motion for sanctions was an independent motion from that of defendant's motion for sanctions and therefore the 10-day extension provided by Rule 3 of the Rules of Appellate Procedure does not apply. Rule 3 allows a party an additional 10 days to give notice when that party is appealing from the same action as the first appealing party. Unlike a situation which involves a claim and counterclaim, this case concerned two separate sanctions motions and the judgments rendered in each were distinct and separate judgments. As a result, plaintiff did not meet the requirements of Rule 3 and this portion of her appeal must be dismissed. *See Currin-Dillehay Bldg. Supply v. Frazier,* 100 N.C. App. 188, 189, 394 S.E.2d 683, 683, *disc. review denied,* 327 N.C. 633, 399 S.E.2d 326 (1990).


Affirmed.


Judges GREENE and LEWIS concur.