227 S.E.2d 645 (1976)
30 N.C. App. 585
In the Matter of Investigation by the Attorney General of North Carolina into the Corporate Affairs of SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY and Interrogatories Propounded in Conjunction therewith Pursuant to Section 75-9 et seq. of the General Statutes of North Carolina.
No. 7610SC211.
Court of Appeals of North Carolina.
September 1, 1976.
*646 Atty. Gen. Rufus L. Edmisten by Senior Deputy Atty. Gen. Andrew A. Vanore, Jr., and Special Deputy Atty. Gen. John M. Silverstein, Raleigh, for the State, respondent appellant.
Joyner & Howison by R. C. Howison, Jr., Raleigh, Moore & Van Allen by James O. *647 Moore, Charlotte and John F. Beasley, Atlanta, Ga., for Southern Bell Tel. and Tel. Co., petitioner appellee.
CLARK, Judge.
G.S. 75-9 grants the power to and imposes the duty upon the Attorney General of North Carolina to investigate "the affairs of all corporations or persons doing business in this State, which are . . . doing business in violation of law," and further grants authority to procure "such information as may be necessary to enable him to prosecute any such corporation, its agents, officers and employees for crime, or prosecute civil actions against them if he discovers they are liable and should be prosecuted."
The Attorney General questions the authority of the Superior Court to enter a protective order in a Chapter 75 investigation. Chapter 75 grants the courts the authority to supervise investigations and to issue orders compelling attendance of witnesses (G.S. 75-9 and 75-10) and to fix the time and place for an examination or inspection where objection is made to the time and place designated by the Attorney General (G.S. 75-12).
Chapter 75 grants no specific authority to the judiciary for the issuance of a protective order. Although G.S. 75-9 empowers the Attorney General to prosecute under applicable criminal and civil statutes, the power to investigate under Chapter 75 is not subject to the restrictions imposed upon criminal discovery under the Criminal Procedure Act, G.S. 15A-908 or upon civil discovery under the Rules of Civil Procedure, G.S. 1A-1, Rule 26(c). These provisions empower the courts to control discovery by issuing protective orders, upon a showing of good cause, after criminal or civil proceedings have been initiated. The power of the court to protect parties under these provisions once proceedings have been initiated would be empty and futile if the court did not have similar power to protect parties during the investigatory stage of proceedings, before any charges have been brought. Moreover the potential for harm and embarrassment to innocent parties is highest at those early stages of investigation, when the evidence may be insubstantial and incompetent, yet very damaging, and when disclosure is not subject to the safeguards imposed in judicial proceedings.
If the courts are to properly exercise the powers and duties imposed by Chapter 75, and are to avoid the evisceration of their powers over civil and criminal discovery, we must, in the absence of legislative authority, look to our inherent powers which we find to be reasonably necessary in the proper administration of justice. See Mallard, "Inherent Power of the Courts of North Carolina", 10 Wake Forest Intramural L.Rev. 1 (1974); Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); and Utah Fuel Co. v. National B. Coal Comm., 306 U.S. 56, 59 S.Ct. 409, 83 L.Ed. 483 (1939).
Southern Bell in its Motion for Protective Order alleges that public disclosure of the information requested by the Attorney General and voluntarily submitted by Southern Bell would violate the right of privacy of some employees in that the information of possible misuse of corporate funds was based on hearsay and other evidence inadmissible in a judicial proceeding. We must rely on the finding of Judge Bailey from an in camera examination of the requested material that protection against release or disclosure was required. We assume from this finding that pre-prosecution publicity of the material requested and furnished would unfairly accuse or implicate employees so as to violate their fundamental right to personal privacy.
The personal right of privacy is basic to the moral and philosophic fiber of our democracy which places so much value upon the dignity of its citizenry. The right has been recognized in North Carolina. See Flake v. News Co., 212 N.C. 780, 195 S.E. 55 (1938); Barr v. Telephone Co., 13 N.C.App. 388, 185 S.E.2d 714 (1972).
The balancing between society's need for information and the personal rights of the individual does not require that we stand by and allow basic personal rights, among *648 them the right of privacy, to be debilitated by unrestrained and coercive government investigations. The need for government to deal effectively with lawlessness does not require the pre-prosecution release of investigative information which hardly exceeds mere rumor in standards of reliability and credibility. See 1 Davis, Administrative Law Treatise, § 3.13 (1958).
The Attorney General contends that Southern Bell must make a substantial showing of necessity before a protective order should issue, and that no such showing was made because there is no allegation or proof that the Attorney General made available or desired to make available the materials requested. However, such necessity relates to showing the potential harm which would result from disclosure rather than showing that the adverse party threatens or is inclined to make disclosure. See 4 Moore's Federal Practice, § 26.68 (1975).
In the case before us there is nothing to indicate that the Attorney General has in any way abused his authority in making his investigation under Chapter 75 or in attempting to publicize before prosecution any evidence of unlawful activity. The granting of the protective order herein does not rest upon a showing of any misconduct or probable misconduct by him. The Attorney General is not only the State's chief law enforcement officer but a steward of our liberties. This protective order should aid him in this stewardship. Even in the absence of legislative authority, orders by the courts to protect the personal right of privacy should be as useful to him in obtaining evidence of unlawful conduct in Chapter 75 investigations as is the immunity granted informants under G.S. 75-11.
The order is Affirmed.
VAUGHN, J., concurs.
MARTIN, J., dissents.