CENTRAL CAROLINA NISSAN, INC., PLAINTIFF (J. DOUGLAS MORETZ, RESPONDENT-APPELLANT) v. KIP D. STURGIS AND JAMES C. GULICK, DEFENDANTS, PETITIONERS-APPELLEES

No. 8911SC618

(Filed 1 May 1990)

1. **Rules of Civil Procedure § 11 (NCI3d); Declaratory Judgment Act § 4 (NCI3d)— declaratory judgment action seeking preemptive ruling on defenses and limit to prosecutorial discretion— not supported by case law—Rule 11(a) sanctions**

    The trial court did not err in a proceeding in which sanctions were sought against an attorney under N.C.G.S. § 1A-1, Rule 11(a) by finding that the attorney failed to produce case law or plausible legal argument in support of his attempt to prelitigate defenses to an anticipated action or to challenge prosecutorial discretion in the Attorney General's Office in a declaratory judgment action. There is settled authority against the attorney's use of the Declaratory Judgment Act under these circumstances, and use of such preemptive strikes would tend to discourage the sound practice of the Attorney General's

Office of attempting to settle cases prior to litigation when possible.

**Am Jur 2d, Attorney General § 16; Costs § 30; Declaratory Judgments § 253.**

2. **Rules of Civil Procedure § 11 (NCI3d)— suit filed for harass-ment—Rule 11(a) sanctions against attorney—no error**

The circumstantial evidence in a proceeding for sanctions against an attorney under N.C.G.S. § 1A-1, Rule 11(a) was sufficient for the court to find that the attorney's purpose in filing a suit against members of the Attorney General's Office in their individual capacity was to disqualify them as opposing counsel, thereby delaying the Attorney General's suit, harassing the attorneys and the State, and unnecessarily in-creasing the State's litigation costs.

**Am Jur 2d, Attorney General § 16; Costs § 30; Declaratory Judgments § 253.**

3. **Constitutional Law § 23.4 (NCI3d)— Rule 11(a) sanctions against attorney—standard of reasonable inquiry—not unconstitutional-ly vague**

The N.C.G.S. § 1A-1, Rule 11(a) standard of reasonable inquiry was not unconstitutionally vague as applied where there was ample evidence that the assertions made by the attorney here were unfounded and that he had access to that informa-tion when his complaint was filed. The standard of objective reasonableness under the circumstances provided the attorney with fair warning of what was required of him under the circumstances and he cannot legitimately claim to have been an innocent entrapped by vagueness in the rule.

**Am Jur 2d, Attorney General § 16; Costs § 30; Declaratory Judgments § 253.**

4. **Rules of Civil Procedure § 11 (NCI3d)— Rule 11(a) sanctions— reduced by trial court—abuse of discretion**

The trial court abused its discretion in a proceeding under N.C.G.S. § 1A-1, Rule 11(a) by reducing the attorney fee award of $14,400 to $4,800 because the professional damages had been mitigated considerably by the extremely honest, candid and competent representation of the respondent by his at-torney in the Rule 11 hearing. There was no showing that

CENTRAL CAROLINA NISSAN, INC. v. STURGIS

[98 N.C. App. 253 (1990)]

the commendable qualities of respondent's attorney in any way affected the amount of time and money the Attorney General's Office was forced to devote to defending the action brought by respondent. The holding was reversed and remanded for reinstatement of sanctions in the original amount.

**Am Jur 2d, Attorney General § 16; Costs § 30; Declaratory Judgments § 253.**

APPEAL by respondent James Douglas Moretz and cross-appeal by petitioners from order entered 30 December 1988 by *Judge Anthony M. Brannon* in LEE County Superior Court. Heard in the Court of Appeals 5 December 1989.

This is a civil action in which respondent-appellant attorney Moretz appeals the imposition of sanctions against him in the amount of $4,800 in attorneys' fees pursuant to G.S. § 1A-1, Rule 11(a). Petitioner Kip D. Sturgis, at all relevant times an Assistant Attorney General in the Consumer Protection/Antitrust Section of the North Carolina Attorney General's Office, and petitioner James C. Gulick, Special Deputy Attorney General in charge of that section, appeal the reduction of the sanction by the trial court from $14,400 to $4,800.

*Attorney General Lacy H. Thornburg, by Chief Deputy Attorney General Andrew A. Vanore, Jr., for petitioners-appellees and cross-appellants Kip D. Sturgis and James C. Gulick.*

*Respondent-appellant James Douglas Moretz pro se.*

JOHNSON, Judge.

Before turning to the substance of this case, we note for the sake of clarity the party status of all those originally involved in this lawsuit. Plaintiff Central Carolina Nissan ("CCN"), through its attorney J. Douglas Moretz, instituted an action for declaratory judgment and injunction against defendants Kip D. Sturgis and James C. Gulick in their individual capacities. Sturgis and Gulick moved to dismiss CCN's action and also petitioned for sanctions under Rule 11(a) of the N.C. Rules of Civil Procedure against CCN's attorney, Moretz. Both motions were granted. The only issue on this appeal is the propriety of imposing sanctions on Moretz. On the issue of sanctions, Sturgis and Gulick are properly termed petitioners, having petitioned the court for sanctions, and Moretz

is respondent. We shall so refer to them in this opinion. CCN is not involved in this appeal.

After considering the affidavits, testimony, and arguments of counsel, Superior Court Judge Brannon made the following pertinent findings of fact:

The North Carolina Attorney General's Office began an investigation of certain trade practices of CCN prior to the institution of this lawsuit. In December of 1987, the Attorney General's Office and CCN, through its then counsel, Dennis Wicker, entered into detailed negotiations for the purpose of resolving the Attorney General's claim that CCN had engaged in various unfair or deceptive trade practices in violation of Chapter 75 of the General Statutes. Assistant Attorney General Sturgis and Special Deputy Attorney General Gulick, with the approval of Chief Deputy Attorney General Andrew A. Vanore, Jr., handled the initial negotiations. They indicated early on to CCN that if settlement could not be reached, the Attorney General's Office intended to file suit. Chief Deputy Attorney General Vanore, at the request of CCN's president, became more involved with negotiations during the later stages.

Negotiations reached a point at which CCN, through attorney Wicker, tentatively agreed to pay $60,693.94 (restitution and civil penalties) as the monetary portion of the settlement, and the Attorney General's Office found this acceptable. At this stage, CCN engaged attorney Moretz to represent it in the negotiations. Moretz met with Sturgis and Gulick on 2 June 1988, at which time he repudiated the tentative settlement and offered to settle for $30,000. Sturgis and Gulick rejected the offer, but made a modified final offer which increased the time for making the $60,693.94 payment from three to nine months. They also informed Moretz that a response was needed by Friday, June 10. Moretz agreed to advise his client of the offer and respond to the Attorney General's Office.

Instead of responding to the Attorney General's Office, Moretz signed and filed the original complaint of the instant action on behalf of CCN in Lee County Superior Court on 10 June 1988. The complaint, which named only Sturgis as a defendant and did not include either the State or the Attorney General as a party, charged Sturgis with selectively prosecuting CCN. It also alleged that Sturgis was engaged in "a frolic of his own," and that Sturgis had threatened a lawsuit against CCN unless the dealership paid an amount in excess of $100,000. The complaint sought an injunction

CENTRAL CAROLINA NISSAN, INC. v. STURGIS

[98 N.C. App. 253 (1990)]

to bar Sturgis from filing the State's complaint against CCN and a declaratory judgment that CCN's defenses against the State's anticipated action were meritorious. On 13 June, Moretz also filed a separate motion for a preliminary injunction to bar Sturgis from instituting the Attorney General's action against CCN.

On 15 June, Sturgis, acting in his capacity as Assistant Attorney General in the Consumer Protection Division of the Attorney General's Office, filed the anticipated action against CCN in Wake County Superior Court. The complaint was signed by Vanore, Gulick and Sturgis. On the same day, Sturgis, through counsel Vanore and Gulick, filed a motion to dismiss the action filed by Moretz pursuant to G.S. § 1A-1, Rule 12(b)(6) and for sanctions under Rule 11.

On 21 June 1988, Moretz signed and filed an amended complaint adding Gulick as a party defendant and alleging that Gulick was conspiring with CCN's competitors to drive the dealership out of business. The amended complaint sought to enjoin Gulick as well as Sturgis from prosecuting the Wake County action against CCN.

On 24 June, Moretz instituted discovery by serving on Vanore, as counsel for Sturgis and Gulick, interrogatories, requests for production, and a notice of deposition along with a motion to shorten the time to take defendants' depositions. Moretz sought "[a]ll internal memoranda concerning the plaintiff." The trial court granted Moretz's ex parte motion to shorten the time to take depositions on 28 June, but vacated the order on 30 June after a hearing.

On 1 July, Sturgis and Gulick moved to dismiss CCN's amended complaint and renewed their motion for sanctions against Moretz. After hearing arguments on the motion for dismissal, Superior Court Judge Wiley F. Bowen dismissed the action against Sturgis and Gulick in an order dated 18 July 1988. Judge Bowen held that the action brought by Moretz on behalf of CCN constituted an abuse of the Declaratory Judgment Act in that the "disputes" raised by plaintiff's amended complaint could only be properly raised as defenses to the State's Wake County action against CCN. The court retained jurisdiction of the Rule 11 motion. Judge Bowen, however, recused himself from hearing that motion.

Judge Brannon, who, as stated above, presided at the Rule 11 hearing, also made extensive findings of fact from the evidence

as to what Moretz knew as a factual basis for his complaint and amended complaint when he filed the declaratory judgment action: He found that the only basis for the selective prosecution allegation was that CCN had been "selected" for prosecution, and that Moretz knew or after reasonable inquiry should have known that defendants had pursued similar claims against other dealerships; that Sturgis was acting with the assent of his superiors and therefore was not on a "frolic of his own"; that Moretz knew that the State would settle for $60,693.94; that there was no factual basis for the allegation that in excess of $100,000 was demanded; and that Moretz made no pre-filing inquiry into the conspiracy charge against Gulick. The court also found as fact that Moretz knew that the filing of the complaint against Sturgis would not have the effect of preventing the State from instituting suit against his client as he claimed in his request for injunctive relief.

The court went on to find that Moretz's purposes in filing the suit were to harass Sturgis and Gulick; to delay the State in its enforcement action against CCN; and to increase the State's litigation costs by making Sturgis and Gulick witnesses, thereby disqualifying them as prosecuting attorneys and requiring State resources to defend them.

The court also found that Moretz failed to come forward with any plausible legal basis for "suing subordinate attorneys in the Attorney General's Office while seeking declaratory and injunctive relief which would be meaningful only if it bound the Attorney General or the State." It further found that Moretz failed to provide a legal basis for attempting to discover the State's attorney work product. Last, the attorney articulated no legal basis for his "effort in this case to prelitigate defenses to an anticipated law enforcement action by the Attorney General where he does not attack the constitutionality of a statute, and to challenge by declaratory judgment action the exercise of prosecutorial discretion by the Attorney General and his staff."

The court determined that the Attorney General's Office had reasonably spent more than 160 hours defending this action, and that $90 per hour (which was found to be Moretz's hourly rate) was a reasonable rate for the work. This resulted in a reasonable attorneys' fee for defending this action of $14,400.

Based on the above findings of fact, the court concluded that there existed three independent and alternative grounds for its

CENTRAL CAROLINA NISSAN, INC. v. STURGIS

[98 N.C. App. 253 (1990)]

legal conclusion that attorney Moretz violated Rule 11(a) of the N.C. Rules of Civil Procedure:

A1. Mr. Moretz . . . signed and filed pleadings which were not well grounded in fact to the best of his knowledge, information and belief formed after reasonable inquiry, . . .

2. Mr. Moretz . . . signed and filed pleadings, a motion for injunction, and discovery papers which were not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

3. Mr. Moretz . . . signed and filed pleadings, a motion for injunction, and discovery papers in this case for the improper purposes of harassing the defendants and the Attorney General's Office and causing the Attorney General's Office unnecessary delay and needless increase in the cost of litigation.

The court went on to hold that "the professional damages in this case have been mitigated considerably by the extremely honest, candid and competent representation of the respondent Moretz by his current counsel Mr. McNeill Smith of the Greensboro bar." For that reason, the court reduced what it found to be a reasonable attorneys' fee of $14,400 by two-thirds, thereby requiring respondent Moretz to pay attorneys' fees of $4,800 to the Attorney General's Office as sanctions for his violations of Rule 11.

By this appeal, respondent brings forward twenty-five assignments of error in which he ascribes error to virtually every material finding of fact and conclusion of law made by the trial court except its conclusion of law to reduce the amount of sanctions. Before addressing the merits of respondent's arguments, we set forth the standard for appellate review enunciated by our Supreme Court for cases in which sanctions have been imposed pursuant to G.S. § 1A-1, Rule 11(a):

The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold

the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). The Court in *Turner* also held that "subjective bad faith is no longer required to trigger the Rule's sanctions." *Id.* at 164, 381 S.E.2d at 713. The standard is one of "objective reasonableness under the circumstances." *Id.*

After carefully reviewing the record in this case, we conclude that there is ample evidence to support the extensive findings of fact made by the trial court concerning what facts attorney Moretz knew or upon reasonable inquiry should have known at the time he instituted the declaratory judgment action. For the sake of brevity, we find it unnecessary to recite all of the evidence undergirding those findings. We consider respondent's assignments of error as to these findings to be without merit and we do not address them. We shall confine our decision to an analysis of certain legal questions raised by the parties which we believe are determinative.

[1] By his ninth Assignment of Error, attorney Moretz argues that the trial court erred in finding that he failed to produce case law or plausible legal argument in support of his attempt to prelitigate defenses to an anticipated enforcement action or to challenge prosecutorial discretion. In support of his declaratory judgment action, Moretz relies on *Lewis v. White*, 287 N.C. 625, 216 S.E.2d 134 (1975), and *Sperry Corp. v. Patterson*, 73 N.C. App. 123, 325 S.E.2d 642 (1985). We find both of these cases clearly distinguishable from the instant case and not supportive of respondent's position. Both *Lewis* and *Sperry Corp.* involved plaintiffs seeking injunctive relief from State officials who had taken administrative actions which the plaintiffs found objectionable. Neither involved the Declaratory Judgment Act. In the absence of an action by these plaintiffs, there would have been no opportunity for judicial review of the defendants' acts. We do not find that these cases support the proposition that a prospective defendant in an anticipated enforcement action by the State may prelitigate its defenses and seek to determine the scope of prosecutorial discretion in a declaratory judgment action and request for injunction.

Chapter 75 of the General Statutes gives the Attorney General both the power and the duty to investigate and prosecute corporations and persons doing business in North Carolina which engage

## CENTRAL CAROLINA NISSAN, INC. v. STURGIS

[98 N.C. App. 253 (1990)]

in unfair methods of competition and unfair or deceptive trade practices. G.S. §§ 75-9 through -15.2; *In re Investigation by Attorney General*, 30 N.C. App. 585, 227 S.E.2d 645 (1976). The fulfillment of this enforcement duty necessarily requires the exercise of prosecutorial discretion. The thrust of CCN's complaint, signed and filed by respondent Moretz, was to attempt to limit the legitimate exercise of this discretion. Our Supreme Court spoke to this issue in *N.A.A.C.P. v. Eure, Secretary of State*, 245 N.C. 331, 95 S.E.2d 893 (1957), a case involving in part the Attorney General's duty to prosecute violations of then current G.S. § 55-118 (requiring foreign corporations doing business in this State to register with the Secretary of State). In *N.A.A.C.P. v. Eure*, the Court stated that "[t]his duty [to prosecute violations of G.S. § 55-118] calls for the exercise of some discretion and judgment on his [the Attorney General's] part. It seems that it cannot be successfully contended that our Declaratory Judgment Act authorizes a proceeding against the Attorney General to determine the permissible scope of his official duty under a given statute." *Id.* at 337, 95 S.E.2d at 898. We believe this rule of *N.A.A.C.P. v. Eure* is sound, and that it prohibits the use of the Declaratory Judgment Act which respondent attempted here. *See also Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194 (11th Cir. 1982), and *United States v. Cincinnati Transit, Inc.*, 337 F. Supp. 1068 (S.D. Ohio 1972). We also find persuasive petitioners' argument that allowing the use of such preemptive strikes would tend to discourage the sound practice of the Attorney General's Office of attempting to settle cases prior to litigation when possible since the Office would continually be concerned about losing a race to the courthouse.

There is settled authority in this State against respondent's attempted use of the declaratory judgment action under the circumstances. Respondent has also failed to articulate any reasons why the law should be changed. We hold that the trial court did not err in finding that attorney Moretz failed to present case law or a plausible legal argument in support of his use of the Declaratory Judgment Act. Further, this abuse of the Act properly constituted grounds for the trial court's holding that the attorney violated Rule 11 in signing and filing pleadings which were not warranted by existing law or a good faith argument for the modification or reversal of existing law.

[2] By his tenth and twelfth Assignments of Error, Moretz contends that the trial court erred in finding that his purpose in

filing suit against Sturgis and Gulick was to disqualify them as opposing counsel, thereby delaying the Attorney General's suit, harassing Sturgis, Gulick and the State, and unnecessarily increasing the State's litigation costs. We find no error.

In support of his argument, attorney Moretz points to his own self-serving testimony that he did not institute the action against Sturgis and Gulick for an improper purpose. It is of course well settled that intent and motive, like other facts, may be inferred from circumstantial evidence. 1 Brandis on North Carolina Evidence § 83 (3d ed. 1988) and cases cited therein. The circumstantial evidence in this case is sufficient to support the findings.

Respondent's original complaint of 10 June 1988 against Sturgis, the States's lead attorney in the suit against CCN, was largely based on unfounded assertions. After Gulick signed pleadings in the Wake County enforcement action against CCN about five days later, Moretz amended on 21 June to add Gulick as a defendant on a charge of conspiracy. Moretz's only basis for the charge was that CCN's president told Moretz that he had heard that other automobile dealerships had met with Gulick to complain about CCN's advertising practices. Although this raised no inference of impermissible conduct, Moretz nonetheless filed his amended complaint without making any inquiry. Moretz also proceeded to attempt to delay the Wake County action by twice moving for extensions of time.

At the time he filed his essentially baseless and uninvestigated complaints against Sturgis and Gulick, Moretz was certainly aware that under Rule 5.2 of the N.C. State Bar Rules of Professional Conduct, the two State attorneys, as witnesses in the Lee County suit, would be disqualified from prosecuting the State's Wake County enforcement action against CCN. It would also result in delay and cost to the State in substituting new attorneys in the enforcement action who would likely be unfamiliar with it. The total picture of Moretz's actions fully support the trial court's findings that attorney Moretz's purpose in filing suit was improper.

[3]  Next, we turn to respondent's argument that the Rule 11(a) standard of "reasonable inquiry" is unconstitutionally vague as applied to this case. He correctly points out that the standard to be applied in examining a statute for vagueness is whether it "gives a person of ordinary intelligence fair notice of what is forbidden by its terms." *State v. Nelson*, 69 N.C. App. 638, 641, 317 S.E.2d

711, 713 (1984). Statutes not involving First Amendments freedoms are to be examined "in light of the facts of the particular case." *Id.*

Moretz contends in his brief that he was "faced with a set of facts which implied that certain conduct had occurred, which if true, would have been improper. The information necessary to make certain that the claims were well grounded in fact resided in the hands of the alleged wrongdoers." We believe this argument is diversionary. There is ample evidence that the assertions made by Moretz were unfounded and he had access to this information when his complaints were filed. For example, the allegation of "selective prosecution," the claim that Sturgis was acting "on a frolic of his own," and the charge that the State was demanding in excess of $100,000 to settle out of court, are totally unsupported by any credible evidence in the record on appeal. Moretz also made no effort to investigate the seemingly innocuous statements made to him that Gulick had spoken with other dealerships regarding their complaints about CCN.

As stated above, the standard to be applied in assessing an attorney's conduct under Rule 11(a) is "objective reasonableness under the circumstances." *Turner v. Duke University, supra.* Even taking into account respondent's argument that he, like most other attorneys, was working under the pressure of time constraints, we have no difficulty concluding that his actions were not objectively reasonable under the circumstances. This standard also was not void for vagueness as applied to Moretz. It provided him with fair warning of what was required of him under the circumstances. Plaintiff cannot legitimately claim to have been an innocent entrapped by vagueness in the rule. *Grayned v. City of Rockford,* 408 U.S. 104, 33 L.Ed.2d 222 (1972).

[4] Last, we address the petitioners' argument that the trial court erred in reducing the attorneys' fees award for an irrelevant reason. When a trial court determines that Rule 11(a) has been violated,

> the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

G.S. § 1A-1, Rule 11(a) (Cum. Supp. 1989) (effective 1 January 1987).

Again, turning to *Turner v. Duke University, supra*, for guidance, we note that the proper standard for reviewing the appropriateness of the sanction imposed in a given case is whether the trial court has abused its discretion. We are mindful that this standard is intended to give great leeway to the trial court and a clear abuse of discretion must be shown. *Pryse v. Strickland Lumber and Bldg. Supply*, 66 N.C. App. 361, 311 S.E.2d 598 (1984). However, it is fundamental to the administration of justice that a trial court not rely on irrelevant or improper matters in deciding issues entrusted to its discretion. *See State v. Spears*, 314 N.C. 319, 333 S.E.2d 242 (1985), and *State v. Edwards*, 310 N.C. 142, 310 S.E.2d 610 (1984); *State v. Swinney*, 271 N.C. 130, 155 S.E.2d 545 (1967).

In the case *sub judice*, the trial court found as fact that petitioners had expended a reasonable attorneys' fee of $14,400 in defending the action signed and filed by Moretz, but reduced that figure to $4,800 because it found the professional damages to have been "mitigated considerably by the extremely honest, candid and competent representation" of respondent Moretz by his attorney in the Rule 11 hearing. We fail to see the relevance of this as a mitigating factor. There is no showing that these commendable qualities of respondent's attorney in any way affected the amount of time and money the Attorney General's Office was forced to devote to defending the action brought by respondent. Respondent argues that the court may have actually had other unarticulated reasons for reducing the amount of sanctions. We decline to engage in such speculation, and must rely solely on the record before us. Because we believe that the factor supporting the trial court's decision to reduce sanctions was wholly unrelated to determining the "reasonable expenses incurred because of the filing of the pleading," as stated in Rule 11(a), we hold that the trial court abused its discretion in basing its reduction on that factor. We therefore reverse the trial court's holding as to this matter only, and remand for reinstatement of sanctions in the original amount of $14,400.

Affirmed in part; reversed in part and remanded.

Judges COZORT and LEWIS concur.