THOMAS W. HILL, Plaintiff v. GARFORD TONY HILL, JEWEL ANNE HILL, D. SAMUEL NEILL, BOYD B. MASSAGEE, JR., M.M. HUNT, J.P. HUNT, BARBARA HILL GARRISON, WILLIAM LLOYD GARRISON, ERVIN W. BAZZLE, CINCINNATI INSURANCE CO., AND ESTATE OF SADIE C. HILL, Defendants

No. COA03-969-2

(Filed 20 September 2005)

## 1. Pleadings— Rule 11 sanctions—factual investigation

There was sufficient evidence to support the trial court's finding that plaintiff violated the factual certification requirement of N.C.G.S. § 1A-1, Rule 11, justifying the imposition of sanctions in a case which rose from the division of family assets. An attorney representing the estate made an independent investigation and concluded that there was no factual basis for claims of fraud or undue influence; a similar inquiry by plaintiff would have found ample evidence that his mother was competent and fully involved in managing both her business and personal affairs until her death.

## 2. Pleadings— Rule 11 sanctions—entire record considered

The entire record was before the court at a Rule 11 sanctions hearing, not just plaintiff's testimony that he made a reasonable inquiry, because defendant's motions were explicitly based on the record of the case.

## 3. Pleadings— frivolous appeals—authority to sanction under Rule 11

The authority to sanction frivolous appeals by shifting expenses incurred on appeal is exclusively granted to the appellate courts under Appellate Rule 34. The trial court here abused its discretion by awarding under Rule 11 attorney fees and costs incurred by defendants in defending plaintiff's appeal to the Court of Appeals and his petition to the Supreme Court.

**HILL v. HILL**

[173 N.C. App. 309 (2005)]

**4. Pleadings— Rule 11 sanctions—discovery resulting from complaint**

Although plaintiff argues that the proper basis for discovery sanctions is N.C.G.S. § 1A-1, Rule 26(g) rather than N.C.G.S. § 1A-1, Rule 11, the document in issue here is plaintiff's complaint and Rule 11 applies.

**5. Pleadings— Rule 11 sanctions—frivolous nature of complaint— not immediately apparent—sanctions levied retroactively**

The trial court did not err by retroactively levying sanctions for discovery because the frivolous nature of the complaint was not discernible until after the evidence was entered and summary judgment ordered.

**6. Pleadings— Rule 11 sanctions—amount—evidence reviewed**

The trial court did not abuse its discretion in determining the amount of Rule 11 sanctions where it reviewed extensive affidavits itemizing defense counsel's expenses.

**7. Pleadings— Rule 11 sanctions—attorney fees—unsubstantiated allegations**

Unsubstantiated allegations of ex parte communications with trial judges do not bear on the award of reasonable attorney fees as a sanction under Rule 11.

**8. Pleadings— Rule 11 sanctions—discovery with previous case**

The trial court did not abuse its discretion by awarding as a sanction attorney fees and costs for discovery items that carried the file numbers of this suit and a previous suit.

**9. Pleadings— Rule 11 sanctions—costs of motion to dismiss**

Plaintiff violated Rule 11 when he signed a frivolous complaint. Expenses incurred during a motion to dismiss, whether granted or denied, were incurred due to plaintiff's signing and filing that complaint, and the trial court did not abuse its discretion by including those expenses in an award of sanctions.

**10. Appeal and Error— frivolous appeals—expense shifting— authority—appellate rules**

The proper basis for awarding expenses incurred on appeal, including attorney fees, is Appellate Rule 34. The application of N.C.G.S. § 6-21.5 is confined to the trial division.

**11. Appeal and Error— preservation of issues—determination of issue by jury—insufficient request at trial**

Plaintiff did not preserve for appellate review the issue of whether he should have had a jury determine his good faith and motives under Rule 11. Although plaintiff and defendant requested a jury trial of all issues of fact in their complaint and answers, plaintiff did not point to anything in the record or the transcript of the Rule 11 hearing indicating that he made a timely request, objection, or motion for that hearing to be before a jury.

Appeal by plaintiff from judgment entered 15 January 2003 by Judge Richard L. Doughton in Henderson County Superior Court. Heard in the Court of Appeals 20 April 2004.

On 11 October 2004, plaintiff petitioned for a rehearing of this case, which had resulted in a published opinion filed 7 September 2004. On 1 November 2004, we allowed plaintiff's petition and reheard the case with the filing of additional briefs. The following opinion supersedes and replaces the published opinion filed 7 September 2004.

*William E. Loose, for plaintiff-appellant.*

*Long, Parker, Warren & Jones, P.A., by W. Scott Jones, for D. Samuel Neill, Boyd B. Massagee, Jr., M.M. Hunt, J.P. Hunt, Ervin W. Bazzle, Garford Tony Hill, Jewel Anne Hill, Barbara H. Garrison and William L. Garrison, defendants-appellees.*

CALABRIA, Judge.

This appeal arises from sanctions imposed upon plaintiff on 15 January 2003 for violating N.C. Gen. Stat. § 1A-1, Rule 11 (2003) and N.C. Gen. Stat. § 6-21.5 (2003) in the underlying action, a dispute among the heirs of Sadie Clark Hill ("Sadie Hill" or "Sadie"). *See Hill v. Hill*, 147 N.C. App. 313, 556 S.E.2d 355 (2001) (*"Hill I"*)[1]. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Sadie Hill was the mother of five children, including plaintiff Thomas W. Hill ("plaintiff") and defendants Garford Tony Hill ("Tony Hill" or "Tony") and Barbara Hill Garrison ("Barbara Garrison" or "Barbara"). Sadie died in March 1997. Although Sadie's will divided

---

1. This case was an unpublished opinion reported pursuant to N.C. R. App. P. 30(e).

her assets equally among her children, plaintiff was dissatisfied when he reviewed a 1987 contract ("1987 contract") between Sadie and Tony Hill and defendant Jewel Anne Hill ("Jewel Hill" or "Jewel"), in which Sadie conveyed her stock in the family business, Appalachian Apple Packers, Inc. ("AAP"), to Tony and Jewel, making them the sole shareholders.

Plaintiff asked Barbara Garrison, the administratrix of the Estate of Sadie C. Hill ("estate"), to bring suit against Tony and Jewel for allegedly using undue influence and fraud in their business dealings with Sadie. Specifically, plaintiff argued certain real property that was conveyed by Sadie to AAP in 1969 should be returned to the estate. Barbara declined his request. Plaintiff then brought a suit against Tony and Jewel Hill, which alleged undue influence, fraud, and misrepresentation of material facts in their business dealings with Sadie. This first suit survived dismissal when this Court held that plaintiff could properly bring suit on behalf of the estate as a real party in interest, since the administratrix of the estate had declined to do so. *Hill v. Hill*, 130 N.C. App. 484, 506 S.E.2d 299 (1998).[2]

On 15 January 1999, while the above-mentioned suit proceeded, plaintiff filed the instant action in Henderson County Superior Court alleging fraud, undue influence, and misappropriation of AAP corporate funds by Tony and Jewel Hill. Plaintiff's complaint also sought recovery for breach of duty against attorneys Neill and Massagee. Plaintiff further sought recovery for breach of duty against Barbara Garrison as administratrix of the estate, alleging that both Barbara and her husband, William L. Garrison, conspired with Tony and Jewel Hill to defraud Sadie Hill of her property and interest in AAP. Finally, the complaint sought recovery from M.M. Hunt and J.P. Hunt for alleged involvement in the misappropriation of AAP corporate funds and from Ervin W. Bazzle ("Bazzle"), appointed after Barbara Garrison withdrew, for alleged breach of his duty as administrator of the estate.

In orders filed 21 July 2000 and 2 August 2000, the trial court found there were no genuine issues of material fact as to plaintiff's claims and granted all defendants' motions for summary judgment. In *Hill I*, this Court affirmed the trial court's grants of summary judgment.

---

2. This case was an unpublished opinion reported pursuant to N.C. R. App. P. 30(e).

On 15 January 2003, the trial court awarded attorney's fees and costs to defendants as sanctions against plaintiff under N.C. Gen. Stat. § 1A-1, Rule 11 and N.C. Gen. Stat. § 6-21.5. Defendants Neill, Massagee, Bazzle, M.M. Hunt, and J.P. Hunt were awarded $45,822.16. Defendants Barbara and William Garrison were awarded $27,894.78. Defendants Tony and Jewel Hill were awarded $42,559.75. The sanctions imposed upon plaintiff totaled $116,276.69. This amount included fees incurred by defendants due to plaintiff's appeal to this Court in *Hill I* and his subsequent petition for discretionary review to our Supreme Court, which was denied. *Hill v. Hill*, 356 N.C. 612, 574 S.E.2d 680 (2002).

I. Rule 11 Sanctions

A. Imposition of Sanctions

**[1]** Plaintiff asserts the trial court improperly imposed sanctions under Rule 11 against him. In pertinent part, Rule 11 provides:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record. . . . A party who is not represented by an attorney shall sign his pleading, motion, or other paper. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C. Gen. Stat. § 1A-1, Rule 11(a). Thus, Rule 11 requires the signer to certify "that the pleadings are: (1) well grounded in fact, (2) warranted by existing law, 'or a good faith argument for the extension, modification, or reversal of existing law,' and (3) not interposed for any improper purpose." *Grover v. Norris*, 137 N.C. App. 487, 491, 529 S.E.2d 231, 233 (2000). "A breach of the certification as to any one of these three [requirements] is a violation of the Rule." *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992). This Court reviews *de novo* a

> trial court's order imposing Rule 11 sanctions . . . [and] must determine (1) whether the trial court's conclusions of law support its judgment or determination; (2) whether the trial court's

conclusions of law are supported by its findings of fact; and (3) whether the findings of fact are supported by a sufficiency of the evidence.

*Renner v. Hawk*, 125 N.C. App. 483, 491, 481 S.E.2d 370, 375 (1997).

In the instant case, the trial court found the plaintiff violated all three requirements of Rule 11. After careful review of the record, we find plaintiff violated the factual certification requirement, justifying the imposition of sanctions. Therefore, we only address his argument regarding this requirement. Plaintiff argues that there was insufficient evidence to support finding of fact 30 of the trial court's judgment and order, which states, "Plaintiff did not make a reasonable inquiry into the true and existing facts . . . allege[d] in [his] Complaint. . . . A reasonable individual with knowledge of the facts available to [plaintiff] . . . would not have believed [his] position[,] [that the 1987 contract was unfair to Sadie, to be] well grounded in fact." An appellate court, "analyzing whether a complaint meets the factual certification requirement, . . . must [determine]: (1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." *McClerin v. R-M Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995).

Upon review of the record, we find plaintiff failed to undertake a reasonable inquiry, which would have revealed "his position was [not] well grounded in fact." *Id.* An attorney representing the estate made an independent investigation of plaintiff's claims and "concluded that there was insufficient evidence to establish a factual basis to prove any claims of fraud or undue influence upon Sadie Hill." If plaintiff had similarly inquired into the facts, he would have found ample evidence showing Sadie Hill to have been competent and fully involved in managing both her business and personal affairs throughout the 1980's and until her death in 1997. Most significantly, the evidence shows that Sadie Hill retained both independent legal and tax counsel for the purpose of drafting and reviewing the 1987 contract. Accordingly, the trial court's finding was supported by a sufficiency of the evidence.

**[2]** Plaintiff also argues that the only evidence at the Rule 11 hearing concerning his inquiry into the factual basis of his claim was his own testimony, which supported the proposition that he made a reason-

able inquiry and reasonably believed his position to be well grounded in fact. Plaintiff fails to recognize that defendants' Rule 11 motions were explicitly based on the record of the case. Thus, the entire record was before the court at the Rule 11 hearing, not merely the testimony and evidence presented during the hearing.

B. Appropriateness of Amount

Plaintiff next asserts the trial court abused its discretion regarding the amount of sanctions awarded under Rule 11(a). We disagree, *except* to the extent the trial court awarded attorney's fees and costs incurred by defendants due to plaintiff's appeal to this Court in *Hill I* and subsequent petition to our Supreme Court.

If the trial court concludes that Rule 11 has been violated,

> the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

N.C. Gen. Stat. § 1A-1, Rule 11(a). As with any statutorily authorized award of attorney's fees, we review the trial court's award of attorney's fees under Rule 11 using an abuse of discretion standard. *Martin Architectural Prods., Inc. v. Meridian Constr. Co.*, 155 N.C. App. 176, 182, 574 S.E.2d 189, 193 (2002). The abuse of discretion standard "is intended to give great leeway to the trial court and a clear abuse of discretion must be shown." *Central Carolina Nissan, Inc. v. Sturgis*, 98 N.C. App. 253, 264, 390 S.E.2d 730, 737 (1990). Nevertheless, "it is fundamental to the administration of justice that a trial court not rely on irrelevant or improper matters in deciding issues entrusted to its discretion." *Id.*

[3] Plaintiff first argues that the trial court abused its discretion under Rule 11 by awarding attorney's fees and costs incurred by defendants in defending plaintiff's *Hill I* appeal and petition. Plaintiff contends N.C. R. App. P. 34 is the only proper basis for sanctioning appellants by awarding attorney's fees and costs to appellees. In pertinent part, N.C. R. App. P. 34 states:

> (a) A court of the appellate division may, on its own initiative or motion of a party, impose a sanction against a party or attorney

or both when the court determines that an appeal or any proceeding in an appeal was frivolous because of one or more of the following:

(1) the appeal was not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(2) the appeal was taken or continued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

. . .

(b) A court of the appellate division may impose one or more of the following sanctions:

. . .

(2) monetary damages including, but not limited to,

a. single or double costs,

. . .

c. reasonable expenses, including reasonable attorney fees, incurred because of the frivolous appeal or proceeding;

(3) any other sanction deemed just and proper.

(c) A court of the appellate division may remand the case to the trial division for a hearing to determine one or more of the sanctions under (b)(2) or (b)(3) of this rule.

Our courts have not directly addressed whether trial courts have discretion under Rule 11 to award attorney's fees and costs incurred after filing of a notice of appeal and due directly to the appeal. *See Griffin v. Sweet*, 136 N.C. App. 762, 525 S.E.2d 504 (2000) (mentioning this issue but not addressing it due to reversal on other grounds). Accordingly, we look to decisions under the Federal Rules of Civil Procedure for guidance. *See Turner v. Duke University*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (stating that "[d]ecisions under the federal rules are . . . pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules").

## HILL v. HILL

[173 N.C. App. 309 (2005)]

In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990)[3], the U.S. Supreme Court addressed the issue of whether a district court had discretion to award attorney's fees, which defendants incurred due to plaintiff's appeal of a Rule 11 sanction. The U.S. Supreme Court decided the district court did not have discretion. The Court interpreted Fed. R. Civ. P. 11 in relation to Fed. R. Civ. P. 1 and Fed. R. App. P. 38 and reasoned that "Rule 11 does not apply to appellate proceedings." *Id.* at 406, 110 L. Ed. 2d at 382. The counterpart North Carolina rules, N.C. Gen. Stat. § 1A-1, Rules 1 and 11 and N.C. R. App. P. 34, closely track the above-mentioned federal rules. Thus, we find the U.S. Supreme Court's analysis sound with regard to the relationship between our Rule 11 and N.C. R. App. P. 34.

In applying the U.S. Supreme Court's analysis to our rules, we note that Rule 11 must be interpreted with reference to N.C. Gen. Stat. § 1A-1, Rule 1, *see id.*, which states the North Carolina Rules of Civil Procedure only "govern the procedure in the superior and district courts of the State of North Carolina. . . ." Whereas, the North Carolina Rules of Appellate Procedure "govern procedure in all appeals from the trial courts of the trial division to the courts of the appellate division. . . ." N.C. R. App. P. 1.

In this light, "extending the scope of [Rule 11] to cover any expenses, including fees on appeal, incurred 'because of the filing[,]' " *Cooter & Gell*, 496 U.S. at 406, 110 L. Ed. 2d at 382, would grant to trial courts discretion under Rule 11 to award attorney's fees and costs incurred due to an appeal "when the appeal would not be sanctioned under the appellate rules." *Id.* at 407, 110 L. Ed. 2d at 383. "Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level." *Id.* at 406, 110 L. Ed. 2d at 382. The authority to sanction frivolous appeals by shifting "expenses incurred on appeal . . . onto appellants" is exclusively granted to the appellate courts under N.C. R. App. P. 34. *Id. Cf. Four Seasons Homeowners Assoc., Inc. v. Sellers*, 72 N.C. App. 189, 323 S.E.2d 735 (1984) (reversing a trial court

---

3. The rule set forth in *Cooter & Gell*, that a district court has the power to impose sanctions under Fed. R. Civ. P. 11 after the dismissal of a case, was partially superceded by the 1993 amendment. to Fed. R. Civ. P. 11, which provided a "safe harbor" provision requiring "a party seeking Rule 11 sanctions [to] wait 21 days from the service of their motion before filing it with the court, in order to give the party the opportunity to withdraw or appropriately correct the challenged paper, claim, defense, contention, allegation, or denial." *De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 258 n.4 (S.D.N.Y. 2003) (citing Fed. R. Civ. P. 11 (c)(1)(A)). The 1993 amendment did not alter the portions of the *Cooter & Gell* holding relevant to the instant case.

award of $4,480 for attorney's fees incurred by plaintiff due to defendants' appeal to this Court); N.C. Gen. Stat. § 1-294 (2003) (staying "all further proceedings in the court below . . . [except those] upon any other matter included in the action and not affected by the judgment appealed from").

This limit on Rule 11's scope also "accords with the policy of not discouraging meritorious appeals." *Cooter & Gell*, 496 U.S. at 408, 110 L. Ed. 2d at 383. If trial courts had discretion to routinely compel appellants "to shoulder the appellees' attorney's fees, valid challenges to [trial] court decisions would be discouraged." *Id.* Accordingly, attorney's fees and costs incurred in defending an appeal may only be awarded under N.C. R. App. P. 34 by an appellate court. Thus, the trial court abused its discretion under Rule 11 by improperly awarding to defendants attorney's fees and costs incurred after plaintiff's filing of notice of appeal and due directly to his appeal to this Court and petition to our Supreme Court.

[4] Plaintiff also argues the trial court abused its discretion by awarding, under Rule 11, attorney's fees and costs incurred during discovery proceedings because N.C. Gen. Stat. § 1A-1, Rule 26(g) is the only proper basis upon which to award such expenses. "N.C.G.S. § 1A-1, Rule 26(g) requires an attorney or unrepresented party to sign each *discovery request, response, or objection*. Such signature constitutes a certification parallel to that required by Rule 11." *Brooks v. Giesey*, 334 N.C. 303, 317, 432 S.E.2d 339, 347 (1993) (emphasis added). In the instant case, the document at issue is plaintiff's complaint, a pleading, which is covered under Rule 11, not a "discovery request, response, or objection." *Id.*; N.C. Gen. Stat. § 1A-1, Rule 11(a). Attorney's fees and costs incurred during discovery as a result of plaintiff's complaint are a proper basis for an award of attorney's fees and costs under Rule 11.

[5] Plaintiff next argues the trial court abused its discretion by retroactively levying sanctions for discovery rather than sanctioning at the time of the behavior. In support, plaintiff directs us to *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 464 S.E.2d 47 (1995), and quotes portions of *Matter of Yagman*, 796 F.2d 1165 (9th Cir. 1986). *Pleasant Valley Promenade*, however, stands for the proposition that "the denial of a motion for summary judgment is not an automatic bar to imposition of Rule 11 sanctions." *Pleasant Valley Promenade*, 120 N.C. App. at 659, 464 S.E.2d at 55. Further, the portion of *Matter of Yagman* quoted by plaintiff is not the portion quoted

in *Pleasant Valley Promenade*. Moreover, the *Matter of Yagman* quotation relied upon by this Court in *Pleasant Valley Promenade* is counter to plaintiff's argument:

> As noted by the United States Court of Appeals for the Ninth Circuit in *Matter of Yagman*:
>
>> In some situations, liability under proper sanctioning authority will not be immediately apparent or may not be precisely and accurately discernible until a later time. For example, findings under Rule 11 occasionally cannot be made until after the evidentiary portion of the trial. A claim may appear to raise legitimate and genuine issues before trial, even in the face of summary judgment challenges, but will be unmasked as not well-founded in fact after the claimant has presented his evidence.
>
> *Matter of Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986), *cert. denied, Real v. Yagman*, 484 U.S. 963, 98 L. Ed. 2d 390 (1987) (emphasis added). We agree with the reasoning of the Court in *Matter of Yagman*.

*Id.* at 660, 464 S.E.2d at 55-56. In the instant case, the trial court likely could not have known to sanction plaintiff during discovery because the frivolous nature of his complaint was not discernible until after evidence had been entered and summary judgment for defendants ordered.

**[6]** Plaintiff further argues the trial court failed to scrutinize defense counsels' expense affidavits and abused its discretion by entering a "round-figure, lump-sum" award. Plaintiff again relies on *Matter of Yagman* for his contention. In that case, the district court imposed sanctions in the amount of $250,000.00. *Matter of Yagman*, 796 F.2d 1165, 1182 (9th Cir. 1986). The United States Court of Appeals for the Ninth Circuit reversed the order, finding, *inter alia*, that the district court made "no attempt to itemize or quantify the sanctions." *Id.* at 1185. In contrast, the trial court, in this case, reviewed the extensive affidavits itemizing defense counsel expenses and, on this basis, ordered plaintiff to pay defendants' attorney's fees and costs in the total amount of $116,276.69.

**[7]** Plaintiff also argues, based on unsubstantiated allegations of *ex parte* communications, that the trial court abused its discretion by awarding attorney's fees for defense counsels' time spent in those alleged *ex parte* discussions with the assigned trial judges. The only

authority plaintiff cites for this proposition is N.C. Code of Judicial Conduct, Canon 3.A(4) (2004), which prohibits *ex parte* discussions between judges and parties. An alleged violation of the Code of Judicial Conduct may be a proper basis for pursuing disciplinary proceedings against a judge pursuant to "Article 30 of Chapter 7A of the General Statutes of North Carolina." N.C. Code of Judicial Conduct, Preamble (2004). However, unsubstantiated allegations of *ex parte* communications do not bear on the award of reasonable attorney's fees as a sanction under Rule 11.

[8] Plaintiff next argues the trial court abused its discretion by awarding attorney's fees and costs for discovery items that carried both the file number of his first suit, 97 CVS 725, and that of the instant case, 99 CVS 67. In support of this contention, plaintiff directs us to depositions carrying both file numbers in their caption and a letter sent by defense counsel. A deposition taken for both cases clearly was needed for each case and would have been taken for either one. The letter referenced by plaintiff did not deal with depositions but merely asked for a response to discovery requests in both cases.

[9] Plaintiff's final argument is that the trial court abused its discretion by awarding fees and costs for defendants' 12(b)(6) motions, which were denied. Plaintiff, however, violated Rule 11 at the moment he signed the complaint. *See Bryson*, 330 N.C. at 657, 412 S.E.2d at 334 (stating that "[t]he text of [Rule 11] requires that whether the document complies with . . . the Rule is determined as of the time it was signed"). Accordingly, expenses incurred during a *motion to dismiss*, whether granted or denied, are reasonable expenses incurred due to plaintiff's signing and filing the frivolous complaint.

II.  Sanctions under N.C. Gen. Stat. § 6-21.5

[10] Since the trial court properly awarded attorney's fees and costs under Rule 11, with the exception of those incurred due to plaintiff's prior appeal to this Court and petition to our Supreme Court, we need only address whether the trial court, under N.C. Gen. Stat. § 6-21.5, had discretion to award attorney's fees incurred by defendants due to plaintiff's appeal and petition. Under N.C. Gen. Stat. § 6-21.5,

> [i]n any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the

losing party in any pleading. *The filing of a general denial or the granting of any preliminary motion, . . . is not in itself a suffi-*cient reason for the court to award attorney's fees, but *may be evidence to support the court's decision to make such an award.* A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. *The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.*

(Emphasis added).

The emphasized portions of N.C. Gen. Stat. § 6-21.5 above clearly indicate that its application is confined to the trial division. *See Frye Reg'l Med. Ctr. v. Hunt,* 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (stating that "[w]here the language of a statute is clear, the courts must give the statute its plain meaning"); *Winston-Salem Wrecker Ass'n v. Barker,* 148 N.C. App. 114, 121, 557 S.E.2d 614, 619 (2001) (observing that "[b]ecause statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C.G.S. § 6-21.5 must be strictly construed"). Thus, similar to Rule 11, N.C. Gen. Stat. § 6-21.5 is most "sensibly understood as permitting an award only of [attorney's fees] directly caused by the filing, logically, those at the trial level." *Cooter & Gell,* 496 U.S. at 406, 110 L. Ed. 2d at 382. This interpretation also "accords with the policy of not discouraging meritorious appeals." *Id.* at 408, 110 L. Ed. 2d at 383. Accordingly, N.C. R. App. P. 34 is the only proper basis for awarding expenses, including attorney's fees, incurred due to an appeal, and the trial court abused its discretion under N.C. Gen. Stat. § 6-21.5.

III. Rule 11 Hearing

**[11]** Plaintiff asserts the trial court violated his rights under the Seventh Amendment of the U.S. Constitution and Article I, Section 25 of the N.C. Constitution by holding a Rule 11 hearing without a jury to determine the issue of his good faith and motives. Under N.C. R. App. P. 10(b)(1), "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." Moreover, this Court will not address constitutional arguments unless such arguments were raised before the trial court. *Daniels v. Hetrick,* 164 N.C. App. 197, 200, 595 S.E.2d 700, 702 (2004).

**HILL v. HILL**

[173 N.C. App. 309 (2005)]

In support of his putative right to have the Rule 11 hearing before a jury, plaintiff argues he properly requested a jury trial in his complaint and "again when facing the prospects of sanctions under Rule 11." Plaintiff directs this Court's attention to his complaint and the various defendants' answers in the record, which each request a jury trial for all issues of fact. However, plaintiff fails to point to anything in the record or Rule 11 hearing transcript indicating he made a timely request, objection, or motion to the trial court, on constitutional grounds or otherwise, regarding a right to a Rule 11 hearing before a jury. In addition, we note that an appellant has the duty to ensure the record and complete transcript are properly prepared and transmitted to this Court. *Hill v. Hill*, 13 N.C. App. 641, 642, 186 S.E.2d 665, 666 (1972). Here, plaintiff presented only a twelve-page, partial transcript of the Rule 11 hearing. This partial transcript contains no indication he made a timely request, objection, or motion to the trial court concerning the absence of a jury. Therefore, plaintiff failed to properly preserve this issue for appellate review under our Rules of Appellate Procedure, and we do not address the substantive merits of his argument.

IV.  Conclusion

For the foregoing reasons, we affirm, in part, the trial court's order of sanctions under N.C. Gen. Stat. § 1A-1, Rule 11. We reverse, in part, the trial court's order of sanctions, having determined the trial court abused its discretion under Rule 11 and N.C. Gen. Stat. § 6-21.5 in awarding attorney's fees and costs incurred by defendants due to plaintiff's appeal to this Court and petition to our Supreme Court. The trial court's decision is remanded for further findings of fact, separating the attorney's fees and costs incurred by defendants at the trial level from those incurred after plaintiff's filing of notice of appeal and directly stemming from defendants' defense of his appeal and petition. We instruct the trial court, after making these findings, to issue an order under Rule 11 awarding only those fees and costs incurred at the trial level.

Affirmed in part, reversed in part, and remanded.

Judges WYNN and STEELMAN concur.